### MOORE et al. v. DAVIS et al.
### No. 2120.

Court of Appeal of Louisiana. First Circuit.
June 5, 1940.

Hawthorn, Stafford & Pitts, of Alexandria, for appellants.

E. V. Boagni, of Opelousas, for appellees.

DORE, Judge.

In this suit, plaintiff, Mrs. Rose Moore, seeks to recover of the defendant and his insurance carrier, damages for an alleged injury sustained to her right hand and wrist, while she was a guest-passenger in the automobile of defendant. She is joined by her husband who seeks recovery of the expenses incurred on account of the injury.

Plaintiff, Mrs. Moore, alleges that on June 27, 1938, at about the hour of 6:30 P. M., defendant, her brother-in-law, called at her home, in the City of New Orleans, for the purpose of taking her for an automobile ride within the city; that she entered the car, from the right, the car being a sedan type, grasping the body center post with her right hand in order to support herself until fully seated, but before she could be fully seated, the defendant violently, suddenly and without warning brought the door to a close, catching her right hand between the edge of the door and the post and thereby injuring her hand. She alleges that the sole cause of her injury was the negligence of the defendant in so closing the door of the automobile.

Defendants deny liability, averring that defendant Davis was in no way negligent in the closing of the door; that the accident in which Mrs. Moore sustained her injury happened through no fault or negligence on the part of defendant Davis and that the injury sustained was very slight and insignificant.

The case was set for trial and the testimony of Mrs. Moore and Davis was taken in June, 1939, but, on account of the absence of a material witness, the case was left open and refixed for September, 1939, for the taking of further evidence and completion. A few days after the evidence of Mrs. Moore and Davis had been taken, defendants offered to file a supplemental answer setting up contributory negligence on the part of Mrs. Moore. The trial judge refused to permit the filing of the supplemental answer for the reason that it set up a separate and special defense which changed the issues in the case. Thereafter, after the taking of further evidence and completion of the case and submission thereof, there was judgment in favor of Mrs. Moore in the sum of $1,000, and in favor of Mr. Moore in the sum of $50, and against defendants in solido. Defendants have appealed. Plaintiff, Mrs. Moore, has answered the appeal, praying for an increase in the judgment.

We are of the opinion that the trial court did not abuse his discretion in refusing the allowance of the amended answer to be filed, after the case was partly tried. The defendant contends that there was an adjournment or break in the trial, yet to allow the filing of the plea probably would have necessitated plaintiff's return to Opelousas from her home in Chicago where she was residing at the time of the trial; she would have had the right to introduce further evidence to meet the allegations set out in the supplemental answer. This of course would have tended to delay the case and change the issues. The plea of contributory negligence is a special defense, of which plaintiff is entitled to know prior to trial. Sevin & Gourdain v. Caillouet, 30 La.Ann. 528; Hartman-Salmen Co.,

v. Maloney, La.App., 156 So. 83, and the cases cited and discussed under syllabus (7).

The facts show that defendant Davis, a brother-in-law of plaintiff, Mrs. Moore, called at plaintiff's residence in New Orleans for the purpose of taking her with him to Opelousas to visit her sister, his wife; he had parked his car, a two-door sedan, near the curb, the street sloping towards the curb, he remaining in the driver's seat. As Mrs. Moore entered the car and was attempting to seat herself and be settled on the front seat beside Davis, she placed her right hand on the post or part of the body against which the door closes in order to steady and support herself in the car and to adjust herself in the seat; before she was fully settled and adjusted in the seat, Davis leaned over in front of her and grasped the handle of the car door, slamming it against her hand, causing the injury complained of.

Plaintiff is a large woman weighing some two hundred pounds and short in stature, and, as she states, it became necessary for her in getting in the car to slide in sideways and pull herself in with her hands. After she was in, she was compelled to catch hold of the post or part of the body of the car against which the door closes with her right hand to adjust herself in the seat; her hand was somewhat in the back of her, against the post, at the time of the closing of the door by Davis. Davis says that after Mrs. Moore had entered into the car, he was unable to see her hand; that he reached over to pull the door, assuming her hand to be out of the way of the door and slammed the door and she yelled; that he did not ask her if she was seated or whether or not to close the door; that he assumed that she was seated, and, through force of habit, he slammed the door. On being questioned if Mrs. Moore was still moving or attempting to fully seat herself before he closed the door, he answered: "I suppose it is like when anyone gets in a car, they shift a little, and I couldn't see her hand. Her body hid the view of it. I faced forward, directly toward the door. I didn't look for it." They were the only two witnesses to the occurrence. It is clear therefore that Mrs. Moore had entered the car when the door was closed but that she had not become settled and fixed in her seat, and that Davis has admitted his negligence in at least two respects: (1) In attempting to close the car door while Mrs. Moore was in the act of settling and adjusting herself in the seat; and (2) in failing to take the necessary precautions to see that her hand was not in the door.

The express or implied duty of the owner or driver of an automobile to his guest in the car is to be careful and avoid committing any act of negligence or imprudence that might add to or increase the ordinary danger of the occupation. He must exercise the care and diligence which a man of reasonable prudence, engaged in like act, would exercise for the protection of his own family. Failing in this duty, he will be liable to his guest in the car for injuries, the result of such carelessness or lack of diligence. Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A.1917F, 253; 5 Am.Jur. Secs. 230 and 683; Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, Vol. 4, page 104, § 2321. It being the fault of defendant Davis that plaintiff's hand was injured, the trial court correctly held defendants liable.

The amount of $50 awarded Mr. Moore for medical fees and expenses is not questioned by the defendant, and stands approved.

Plaintiff, Mrs. Moore, demanded $2,600 for her injuries, itemized as follows: Pain and suffering, $1,200.; Loss of salary during disability, $400; Disfigurement, $1,000. The trial court gave her $400 for loss of salary and $600 for pain and suffering, and disallowed her claim for disfigurement. Mrs. Moore, in her answer to the appeal, asks that the allowance for pain and suffering be increased to $1,000, and that she be allowed $250 for disfigurement of her hand.

It appears from the evidence that as a result of the injury, at the time of the trial, there remained a slight lump on the back of Mrs. Moore's hand. Dr. Stagg, a witness in the case, describes it as follows: "On the dorsum of the hand there was a slight swelling or tumor which was not painful or causing any trouble whatsoever." The trial court was of the opinion that this disfigurement was very slight, not warranting any damages. We find no manifest error in his conclusion.

Taking up next the item, the loss of salary during disability, we find the evidence to be certain only as to plaintiff Mrs. Moore being guaranteed a salary of $20 per week. The plaintiff could have been far more careful and specific in presenting her proof as to her weekly salary. Her testimony is to the effect that she was guaranteed a salary of $20 and an uncertain 5% commission, which brought her about $40 per week. She does not state whether or not her travelling expenses were borne by her out of the commission or paid by her employer. She must have had expenses, and it would have been very easy for her to have established such facts by the testimony of her employer. Likewise, her average weekly salary could have been definitely ascertained. The fault to be found in the presentation of this item is with regard to the matter of furnishing proof on which to base an amount, the amount being dependent on what Mrs. Moore's average earnings were before the time she was injured. All that was produced was her own statement that her salary was about $40 per week. We find the matter of commission to be too conjectural to base a judgment; we feel that she has shown definitely only a loss of her guaranteed salary of $20 per week. There is no doubt but that she was incapacitated to a certain extent as a result of her injury; but the proof is not definite as to the length of time or number of weeks that she was totally disabled to follow her occupation.

On the last item, for pain and suffering, we find that after the accident Mrs. Moore and Mr. Davis did not believe the injury to be of any consequence and after bathing the hand in cold water and wrapping it with a handkerchief, they left for Opelousas, where they arrived at about 11:30 P. M. Upon the advice of a friend of the family, Mrs. Moore would bathe the hand in solutions of Epsom salt and would carry the hand in a sling. On July 8, she was advised to consult a doctor, and she consulted Dr. Landry who found her hand to be bruised and swollen and immobilized it by placing a metal splint from the knuckles to about six inches above the wrist. The splint remained in place about six weeks. He used infra-ray treatments periodically until July 30. Dr. Landry states that upon her first visit,

Mrs. Moore was in very much pain because she had waited ten days before she had medical attention and that the pain was more severe than it would have been if the immobilization had taken place from the beginning; that from the immobilization, the suffering became less, and that, on her last visit, she was not suffering much.

We feel that the sum of $500 is sufficient to compensate plaintiff for her loss of income and pain and suffering. It is therefore ordered that the judgment appealed from be amended by reducing the amount of the award made in favor of the plaintiff, Mrs. Rose Moore, from the sum of $1,000 to the sum of $500, and as thus amended it be affirmed; costs of the lower court to be paid by appellants, and the cost of this appeal to be paid by appellee, Mrs. Moore.