JANVIER, Judge.
This litigation results from an automobile collision which occurred on a rainy morning, November 10, 19S0, at the intersection of North Broad and St. Philip Streets, in New Orleans.
Louis M. Cherry was operating his car on North Broad Street going in a down river direction, and Jack L. Lewis, in his car, was on St. Philip Street going towards the Mississippi River. He entered the intersection which the Cherry car was approaching and the collision occurred in that intersection, the cars meeting near the neutral ground. Considerable damage was sustained by each.
Calvert Fire Insurance Company of Philadelphia had issued to Cherry a policy of insurance under which it had agreed that, should his car be damaged in collision, it would pay such amount as might be necessary to repair the damage after deducting $50 which Cherry himself was required to pay. Such insurance is referred to as “collision insurance with a $50.00 deductible.”
*140 The cost of repairing Cherry’s car was $454.15, of which his insurer, the present plaintiff, paid $404.15 and obtained from him a subrogation to all of his rights against Lewis. The Calvert Company then brought this suit against Lewis, charging that the accident had been caused solely by his negligence and praying for judgment against him in the sum of $404.15.
It is alleged that there was no negligence on the part of Cherry and that the accident resulted solely from the negligence of Lewis, the defendant.
Cherry himself did not bring suit for the $50 which he himself was required to pay.
Lewis denied all of the allegations of the petition “except the allegation as to his residence”; in other words, he filed what may be termed a general denial. Then, alleging that his car had been damaged to the extent of $138.38 and, charging certain specific acts of negligence against Cherry, Lewis assumed the position of plaintiff in reconvention and prayed that the suit of the Calvert Company be dismissed and that he have judgment in reconvention against Cherry for $138.38.
Nowhere in the answer of Lewis or in his reconventional demand did he use the words “contributory negligence.”
There was judgment in the District Court dismissing both the principal and the re-conventional demands.
Plaintiff then, by motion, requested a “rehearing”, calling attention to the fact that the District Judge in his reasons for judgment had stated that in his opinion the accident had resulted from the joint negligence of both drivers and that therefore there could be no recovery on either the main demand or the demand in reconvention. Counsel for plaintiff then argued in the District Court that since there had been no plea of contributory negligence and since the defendant was found to be at fault, there should have been a judgment in favor of plaintiff.
The matter was submitted to the District Judge, who then stated that, although it was true that there was no plea of contributory negligence, he thought that such a plea was not necessary. However, “out of an abundance of caution,” the Court permitted an “amendment of the pleadings.” Counsel for defendant then wrote into that part of the answer which constitutes the reconven-tional demand the words “that plaintiff was contributorily negligent.” The Court then reinstated the original judgment and from this judgment plaintiff has appealed.
The record conclusively shows that both drivers were guilty of negligence and that, had either exercised proper care, the collision would not have occurred. The District Judge said:
“Under the evidence in this case, both parties were guilty of acts of omission and commission, and since I accept the testimony of both at face value, I must conclude that both were guilty of negligence.”
The question which is then presented is: Could the defense of contributory negligence be considered in the absence of a plea of contributory negligence?
The question of whether a plea of contributory negligence is necessary where a defendant in such case attempts to avoid liability on the ground that, though he may have been negligent, there was contributory negligence on the part of plaintiff, was considered and exhaustively discussed by us in Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717. There we held that such a plea is essential to a successful defense based on contributory negligence. The Supreme Court refused to grant a writ of certiorari.
Every contention which is found here was made there, and we think that the rule which was applied there is even more proper here, for in the Althans case the answer contained certain specific charges of negligence which were made against the plaintiff, whereas here the answer contains nothing but what may be termed a general denial; a denial of every charge which the plaintiff made.
*141 It is true that in the reconventional demand there are charges of negligence made against Cherry, but there is not the slightest intimation except in the amendment, which was permitted after judgment had been rendered, that the acts of Cherry would he pointed to as constituting “contributory negligence.”
After the matter had been argued and submitted to us it was discovered that the District Judge had prepared “supplemental reasons for judgment after a new trial” and these reasons are now in the record. In these reasons attention is directed to the fact that after the new trial had been granted, in order that defendant might be permitted to specially plead contributory negligence, and after the defendant had written into the reconventional demand, the words “that plaintiff was contributorily negligent,” plaintiff was afforded an opportunity to plead surprise or to offer new evidence. Plaintiff did not do either but merely resubmitted the matter on the record as it had been made up at the first trial. The District Judge relies on this fact as justifying his considering the plea of contributory negligence and, on this plea, dismissing the claim of plaintiff.
Lobell, for Use and Benefit of Hardware Mut. Cas. Co. v. Neal, 48 So.2d 797, 799, is pointed to as a case in which a very similar situation was presented to the Court of Appeal of the First Circuit. That suit resulted from an automobile collision. Plaintiff alleged certain negligent acts on the part of the defendant as the cause of the damage sustained by his car. Defendant filed a general denial which he then followed with detailed charges of negligence against plaintiff and he then followed these charges with a reconventional demand against plaintiff in the main demand. The District Judge, at the termination of the trial, felt that both parties were at fault, but said that in the answer of defendant there had been no charge of contributory negligence against plaintiff. The defendant then, by rule, sought to reopen the case “in order that he might amend his answer so as to include the special plea of contributory negligence.” The District Court refused to reopen the case.
In the opinion of the Court of Appeal there then follows language on which the District Judge in the case at bar relies as supporting his action here. There the Court of Appeal, after holding that the District Judge had been correct in refusing to allow the amendment, said: “Had he done so counsel for plaintiff could have demanded an entire new trial, as it would have injected a new issue in the case.”
It seems to us that the statement of the Court of Appeal for the First Circuit was obiter dictum. Having held that the District Court was correct in refusing to reopen the matter, there was no reason to go further and make the statement that had he reopened it, a new trial might have been demanded. The Court was obviously correct in stating that the requested amendment would have “injected a new issue”. And it seems quite clear to us that since by such a plea, a new issue is injected, it is not within the discretion of the District Court to permit such an amendment. Code of Practice, arts. 419, 420.
As a matter of fact, in the Lobell case as in the Althans case, there were in the answer specific charges of negligence against the plaintiff and an amendment simply would have permitted the defendant to charge those acts as constituting contributory negligence. Here, however, in the answer itself no charge of negligence was made against the plaintiff. The defendant relied solely on his denial of negligence on his part.
We note that in Martin v. Toye Bros. Yellow Cab Co., La.App., 162 So. 257, 258, we considered this identical situation. There, in a suit growing out of an automobile collision, the defendant had “denied all charges of negligence”, and had averred that the cause of the accident had been the negligence of the other party. On the day of the trial “over the strenuous objection of counsel, a supplemental answer was filed in which the charge of contributory negligence was set forth with particularity.” *142 We considered the question of whether the amendment should have been allowed and said, “it is apparent that the trial court should have excluded the supplemental answer.”
It is true that in Matlock v. State, 4 So.2d 90, 92, the Court of Appeal for the First Circuit, with Judge LeBlanc, later Mr. Justice LeBlanc of the Supreme Court, as author of the opinion, held that an amendment was properly permitted. We think that that case is out of harmony with the well-established jurisprudence, but we note that the reasons given in that case do not apply in the case at bar, for there the Court said:
“ * * * There are some cases, notably a recent one decided by this Court, Moore v. Davis, 196 So. 566, in which the defendant was refused permission to file a supplemental answer setting out a plea of contributory negligence, but in that case, the testimony of the plaintiff and the defendant had already been taken and to permit the filing of the supplemental answer at that time might have necessitated the taking of additional testimony including that of the plaintiff, who had already returned to her home in Chicago and might have to come back to Opelousas to testify. It was held that the plea of contributory negligence being a special defense, plaintiff is .entitled to know what it consists of prior to the trial of the case. Whilst it is true that in the present case an assignment for trial had been made, no testimony whatever had as yet been taken and plaintiff was made aware of what was contained in • the plea before the case actually went' to trial. Under the circumstances we do not think that there was an abuse on the part of the trial judge of his discretion in permitting the amended answer to be filed.”
The same Court, in Moore v. Davis, 196 So. 566, in considering a situation similar to that which existed in the several cases cited and holding that such an amendment should not be permitted, said that had the amendment been permitted there would have resulted a separate and special defense which would have changed the issues.
The District Judge in the case at bar points to a situation which might well arise as a result of the well established rule which was followed in the Althans case and in the other cases cited. He states:
“Assume, arguendo, that defendant had filed a separate suit against plaintiff, instead of reconvening, and the suits were consolidated for trial, would each get a judgment against the other or would both be denied recovery ? Under our jurisprudence both would be denied recovery. We have no doctrine of comparative negligence or general average.”
We are not at all sure that that result would be accomplished. It is quite true that we have in Louisiana no doctrine of comparative negligence, but we have, as the Althans case indicates, the well-established doctrine that a defendant, who himself may be negligent, wishes to avoid liability because the plaintiff was also negligent, must allege facts which constitute contributory negligence on the part of plaintiff; he must charge contributory negligence. As a result of that doctrine, just such a situation as the District Judge' suggests might possibly arise. If each party to an accident should bring a suit, against the other and neither should plead contributory negligence as a defense and the two suits should be consolidated for the purpose of trial, and it should appear that on the part of each there was actionable negligence, necessarily there would be two different judgments, one in each case.
In the absence of a plea of contributory negligence, since the record abundantly shows that the defendant was at fault, there should have been judgment against defendant.
The amount of the payment which plaintiff made, and which was made necessary because of the accident caused to some extent by the negligence of the defendant,, was $404.15.
*143 Accordingly it is ordered, adjudged and decreed that the judgment insofar as it dismisses the petition of plaintiff be annulled, avoided and reversed, and there now be judgment in favor of plaintiff and against defendant in the full sum of $404.15, with legal interest from judicial demand; in all other respects the judgment appealed from is affirmed.
Affirmed in part; reversed in part.