McBRIDE, Judge.
This appeal presents a suit by John D. O’Neill against Paul S. McAcy for $488.26 for damages sustained by the former’s Packard automobile in a collision with defendant’s Chevrolet car in an accident which happened on the Airline Highway in Jefferson Parish on April 25, 1953, at about 7:40 o’clock in the evening. Among the charges of negligence set forth in the petition and ascribed to defendant are that defendant did not have his car under proper control and was driving without maintaining a proper lookout. The defendant answered denying any negligence on his part. In a reconventional demand in which plaintiff is charged with having been negligent, defendant made claim for the damages which his car sustained in the accident. After a trial below, judgment was rendered dismissing both demands. Plaintiff has appealed.
Airline Highway (U. S. Highway 61-65) is the main traffic artery between the City of New Orleans and Baton Rouge. At the locus in quo the highway has two roadways separated by a fairly narrow neutral ground in which, at intervals, are openings providing passageway for vehicles turning from one roadway to the other.
John D. O’Neill, plaintiff, a visitor from Missouri, was staying at a tourist motel which bears the number 5000 Airline Highway. He had left the tourist motel a moment before the accident intending to go east to New Orleans. In his deposition he states that he drove his automobile from the grounds of the motel into the westbound roadway of the highway noticing at the time that there were no vehicles approaching thereon for 150 to 200 yards; that he completed a crossing of the westbound roadway and entered one of the passageways in the neutral ground and then came to a complete stop with the front end of his automobile even with the projected line of the neutral ground bordering the eastbound roadway. Plaintiff maintains that he could not turn left to enter the eastbound roadway due to approaching traffic and this compelled him to remain stopped, and that because of the narrow width of the neutral ground the rear portion of his vehicle protruded into the westbound roadway.
It is contended by plaintiff that while his automobile was in such a position, defendant’s automobile, which approached from the left in the westbound roadway, was driven into the left rear part of his car. He claims that he never saw defendant’s automobile at any time before the crash. O’Neill’s statements are fully corroborated by those of his wife contained in her deposition. She was her husband’s passenger at the time of the accident.
On the other hand, defendant gives several confused versions. He first stated from the witness stand, while on cross-examination under LSA-R.S. 13:3662, that he approached the vicinity of the tourist motel in the slow or outside traffic lane at from 30 to 35 miles per hour; that plaintiff’s automobile came out into the roadway directly in his path; that his car was 30 or 40 feet away from plaintiff’s. He says he endeavored to bring his car to a stop but was unsuccessful in doing so; that his car, after his unsuccessful attempt at stopping, came into contact with the curb in front of the motel and bounced away from the curb and hit plaintiff’s automobile.
Defendant later materially changed this story by stating that he had not been driving in the outside lane at all but had been traveling in the lane nearest to the neutral ground. Thereupon the trial judge addressed the witness thus:
“What do you mean by T think’? Don’t you Know whether you were nearer the neutral ground or nearer the curbing on the tourist court side?”
And then the witness replied:
“Yes; I was nearer the neutral ground.”
*411 Subsequently defendant testified that he did not see the O’Neill car until it was in the intersection, i. e., the opening in the neutral ground. His statement drew from the judge this comment:
“Now just what do you mean? Do you mean you did not see him, you did see him, or what do you mean? One time you say one thing, the next time you say another.”
Next, under interrogation by the court, the defendant went on to say that he did see the plaintiff’s car when it was moving toward the neutral ground and he admitted that the O’Neill car had been at a “dead stop” for “just a few seconds” before the collision occurred. Such admission, we think, gives validity to the contentions of Mr. and Mrs. O’Neill that McAcy did not have his automobile under control and negligently crashed into their car while it was stopped.
The trial judge dismissed both the main demand of plaintiff and the reconventional demand asserted by defendant for the stated reason that “the Court finds that both drivers were guilty of negligence and contributory negligence.”
The finding that the defendant was guilty of negligence was undoubtedly proper, but the judge erred in dismissing the suit on the ground that there was contributory negligence on the part of plaintiff. The question whether any fault in plaintiff might have been a contributing factor to the accident is a matter which can play no part in a determination of the case for the good and sufficient reason that the defendant in answer failed to charge plaintiff with contributory negligence either initially or in the alternative. The answer merely disavows the negligence attributed to defendant and then sets forth that it was by the fault of plaintiff himself the accident happened.
In the case of Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717, we held that a specific plea of contributory negligence is essential to a successful defense of a case based on a plaintiff’s contributory negligence. Certiorari was refused by the Supreme Court.
It cannot be denied that in the re-conventional demand charges of negligence are leveled against the plaintiff, but there is no allegation or intimation that the negligent acts of O’Neill would be pointed to or relied upon as constituting contributory negligence on his part The allegations of negligence contained in the reconventional demand, such as they are, cannot serve the purpose of a plea of ^contributory negligence. We thoroughly discussed this very point in the case of Calvert Fire Ins. Co. v. Lewis, La.App., 83 So.2d 139.
The plaintiff has shown that the defendant was negligent' and has made ample- and adequate proof of the amount of the damages inflicted upon his automobile and this entitles him to a recovery.
It is ordered, adjudged and decreed that the portion of the judgment appealed from which dismisses plaintiffs demands at his cost be and the same is hereby avoided and reversed and the judgment appealed from is now amended so as to provide that plaintiff have judgment against defendant for the full sum of $488.26, with legal interest thereon from judicial demand until paid, and as thus amended and in all other respects the judgment is affirmed. Defendant is condemned for all costs of the suit in both courts.
Reversed in part; affirmed in part.