McBRIDE, Judge.
Plaintiff, owner of an automobile truck, obtained judgment in solido against Lopinto, the owner of another truck, and Walts, his employee, the driver thereof, with which it collided on the St. Bernard Highway on the morning of January 9, 1959. The judgment for $144.35 represents the damage sustained by plaintiff’s vehicle. Defendants have appealed.
The testimony adduced by plaintiff shows that both vehicles were proceeding on the highway going in the direction of Chal-mette; Lopinto’s vehicle, carrying lumber which protruded from the back of the truck, was in the lead; suddenly and without warning of any kind to following traffic, Walts made a left turn onto the neutral ground with the result that plaintiff’s driver could do nothing to avert crashing into the lumber carried on Lopinto’s truck.
Walts denies the suddenness of the left turn, and stated it had been fully negotiated and the truck had come to a stop before plaintiff’s truck was driven into the lumber.
*468 The testimony of plaintiff’s driver convicts Walts of gross negligence in attempting to make the left turn under the circumstances then existing, which negligence was a proximate cause of the collision. The left turn is one of the most dangerous maneuvers known to motorists. It is true only the respective drivers testified, but the trial judge accepted the testimony of plaintiff’s driver as the truth and so do we, and it cannot be said plaintiff did not prove his case by a preponderance of the evidence, nor is plaintiff’s case weakened by the fact that he failed to produce as a witness a passenger who was riding on his truck. No inference should be drawn that because plaintiff did not produce the passenger the latter’s testimony would have been detrimental to plaintiff’s cause. There is no rule of law that requires that to be sucessful a litigant must produce all of the witnesses who might have knowledge of the occurrence.
Defendants place most reliance on the defense plaintiff’s driver was guilty of contributory negligence. Their answer denies that Walts was at fault and then sets forth affirmative allegations that negligence on the part of plaintiff’s driver in certain enumerated particulars was the sole and proximate cause of the collision. Then appears the allegation made in another paragraph in the alternative:
“ * * * if Walts were guilty of some negligence, which is denied, plaintiff’s recovery is barred on account of the contributory negligence of his driver
No facts are alleged in connection with this alternative plea and, therefore, we are not privileged to examine into whether plaintiff’s driver was negligent or what part his actions played relative to the collision.
 The plea of contributory negligence is an affirmative defense in the nature of a confession and avoidance, and the facts relied upon to support the plea must be specially alleged to authorize the reception of evidence. Merely to make a charge there was contributory negligence is merely to allege a conclusion of law, and in the absence of alleged facts from which a legal conclusion may be drawn, the charge is without any effect and may not have the court’s consideration. Service Fire Insurance Company of New York v. Indiana Lumbermans Mutual Insurance Company, La.App., 111 So.2d 358; Delta Fire & Casualty Company v. Bird, La.App., 121 So.2d 375.
Therefore, the judgment appealed from is affirmed.
Affirmed.