SAMUEL, Judge.
This is a suit for property damages arising out of an automobile collision. Plaintiffs, the driver-owner of one of the involved cars and his insurer, alleged that the accident was caused solely by the negligence of the defendant driver. The defendant, insurer of the other car, answered denying negligence and reconvened under a subrogation from its assured. There was judgment in the trial court dismissing both the main and reconventional demands. Plaintiffs have appealed and the defendant has answered the appeal, each respectively seeking a reversal of that part of the judgment adverse to them or it. *
The collision occurred during the month of December 1958, at about 5:20 p. m., at the intersection of South Pierce Street and Cleveland Avenue in the City of New Orleans. The plaintiff car was traveling on South Pierce and the defendant car was on Cleveland with the former approaching from the latter’s right. The weather was fair, it was dusk, i. e., neither daylight nor dark, and the headlights of both cars were on. Both streets are paved and reserved for one-way traffic only. There is a “slow” sign on Cleveland Avenue, thus making South Pierce the favored street. T?ie front of the plaintiff car struck just behind the right rear door of the defendant car at the center of the intersection after the latter had proceeded several feet beyond that center. Both drivers were familiar with the intersection. The amount of damages resulting from the accident, as stipulated by both counsel, was $381.40 for the plaintiffs, in the proportions of $50 for the assured and $331.40 for the insurer, and $269.05 for the defendant.
There were no witnesses to the accident except the two drivers, whose testimony was as follows:
The plaintiff driver testified that he was driving at a speed of 20 miles per hour; when he was 35 or 40 feet from Cleveland Avenue he saw the defendant car which was at that time about 3 or 4 car lengths from South Pierce Street; he assumed the defendant car would stop and applied his-brakes only 10 or 12 feet from the intersection when he first realized that the other car was going to come across; despite the application of the brakes he ran into the side of the other car.
The defendant driver testified that he was driving at a speed of 15 miles per hour when 40 feet from the intersection and had slowed to 5 miles per hour as he crossed by removing his foot from the accelerator ; he started to look for approaching traffic on South Pierce Street when he was 20 feet therefrom and continued to look until he reached the intersection; although a vacant lot on the corner made it possible to see some distance down South Pierce, he did not see the approaching plaintiff car until, after entering the intersection, he heard the noise resulting from *701 the application of that car’s brakes immediately before the collision.
The defendant driver was guilty of negligence which was a proximate cause of the accident. He has offered no reason or excuse why he did not see the approaching plaintiff car, particularly the headlights thereof, both before and after he reached and started to cross the intersection. He failed to see what he should have seen and, despite the fact that he did not have the right-of-way, for the reasons that South Pierce was the favored street and the plaintiff car was approaching from his right (LSA-R.S. 32:237A), he drove directly across the path of that approaching car.
The defendant cannot successfully rely on pre-emption simply because its car entered the intersection slightly before the plaintiff car. The rule to the effect that where there is an intersectional collision the automobile which first enters the intersection has the right-of-way and the right to proceed is available only to a motorist who shows that he made such entry at a proper speed and sufficiently in advance of the approaching car on the intersecting roadway to permit him to cross safely and without requiring an emergency stop by the other vehicle. See Gallioto v. Chisholm, La.App., 126 So.2d 63, and cases cited therein. It is clear that the crossing by the defendant’s assured did obstruct the path of the plaintiff car and that an avoidance of the collision, if at that stage the same could be avoided, required an emergency stop by the plaintiff car.
The negligence of the plaintiff driver, if any such negligence there be, cannot be considered. Contributory negligence is a defense which 'must be specially pleaded and the facts relied upon as constituting such contributory negligence must be set out. Schaffer v. Lopinto, La.App., 128 So.2d 467; Delta Fire & Casualty Company v. Bird, La.App., 121 So.2d 375; Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717; McDonald v. Stellwagon, La.App., 140 So. 133; Quatray v. Wicker, 16 La.App. 515, 134 So. 313.
In the instant case the defense of contributory negligence has not been properly pleaded. The answer merely denies negligence on the part of the defendant driver and makes no charge of contributory negligence against the plaintiff driver. The fact that charges of negligence on the part of the latter are made in the reconventional demand is not a sufficient plea of contributory negligence. Calvert Fire Ins. Co. v. Lewis, La.App., 83 So.2d 139 (reversed on other grounds 231 La. 859, 93 So.2d 194); O’Neill v. McAcy, La.App., 83 So.2d 409.
We call particular attention to the fact that the provisions of Arts. 1005 and 2164 of the new Code of Civil Procedure are not applicable here and are not considered in connection with our ruling on the plea of contributory negligence. All pleadings herein were filed, judgment was rendered and this appeal taken before January 1, 1961, the effective date of that Code. Section 4 of the new Code states that the provisions thereof, as far as applicable, shall govern and regulate the procedure in civil actions and proceedings pending on the effective date, except that none of such provisions shall affect the validity or change the legal effect of any procedural act done or attempted, or of any failure to act, prior to the effective date.
For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from, insofar as it dismisses the petition of the plaintiffs, be annulled, avoided and reversed, and that there now be judgment in favor of plaintiff, Washington Fire And Marine Insurance Company, and against defendant in the full sum of $331.40, and that there be further judgment in favor of plaintiff, Robert L. Wooters, and against the defendant in the full sum of $50, with legal interest on both claims from date of judicial demand until paid; in all other respects the judgment is affirmed.
Affirmed in part; reversed in part.