HALL, Judge pro tem.
Plaintiffs seek to recover damages for personal injuries sustained by Mrs. Trippi on October 19, 1957, arising out of a collision between a Ford automobile and a taxi-cab in the intersection of St. Claude Avenue and France Street in the city of New Orleans. Mrs. Trippi was a paid passenger in the taxi-cab.
The defendants are Toye Bros. Yellow Cab Co., owner and operator of the taxicab, Mr. Philip Sensebe, owner of the automobile, and Mrs. Sensebe, his wife, who at the time was driving it on a community mission.
The District Court rendered judgment in fa.vor of the plaintiffs against Mr. and Mrs. Sensebe but dismissed the plaintiffs suit against Toye Bros. Yellow Cab Co.
Plaintiffs have appealed from that part of the judgment which denied them recovery against the taxi-cab company. The judgment rendered against Mr. and Mrs. Sensebe is now final and they are not before this Court.
 There are no disputed questions of law involved in this appeal. It is well settled, and conceded by defendant, that when an accident results in injury to a passenger for hire the carrier has the burden of showing that the accident was not due to any negligence on its part; Mansfield v. Toye Bros. Yellow Cab Co., La.App., 78 So.2d 544; and that such carrier must exercise the highest degree of care for the safety of its passengers and is liable for the slightest negligence; Cavalier v. Nola Cabs, La.App., 96 So.2d 102.
However, no carrier is an insurer of the safety of its passengers, and if the carrier is free from negligence and an accident is caused by the negligence of a third party, the carrier is not liable.
The question at issue is, therefore, .one of fact.
The record shows the taxi-cab was proceeding on St. Claude Avenue in the direction of Canal Street, or uptown, while the automobile, driven by Mrs. Sensebe, was proceeding on France Street in the direction of the Mississippi River.
St. Claude Avenue is a neutral ground, boulevard type through-street and has the right-of-way over France Street. Traffic entering the intersection from France Street is controlled by a stop sign.
Just prior to the accident a New Orleans Public Service bus had stopped on St. Claude Avenue to take on and discharge passengers. The bus stop is located on the downtown lake corner of the intersection, and the presence of the bus made that corner a “blind” corner as regards both drivers involved in the collision.
*186 Mrs. Sensebe, after stopping momentarily at the stop sign on France Street, proceeded into the intersection, crossing over in front of the parked bus. At the same time the taxi-cab was passing to the left of the bus and the two vehicles collided in the intersection. Neither driver saw the other vehicle until the moment of impact.
Mrs. Sensebe testified that just before the impact her car was completely stopped and that the taxi-cab hit her. That she is mistaken about this and that her car was moving and that she hit the taxi is shown by the testimony of the cab driver and the fact that the only damage to her car was to the left front headlight and part of the grille, while the sole damage to the cab, as shown by the testimony and by the photograph in evidence, was, a dent in the rear part of the right front fender close to the door. The damage to both vehicles was negligible showing that the impact was very slight, albeit it unfortunately resulted in painful injuries to the plaintiff who was a passenger in the cab.
The testimony shows that the taxi-cab was travelling about 25 miles per hour (30 miles per hour at the outside) and that the Sensebe car was going 5 to 8 miles per hour at the most.
Mrs, Sensebe testified to the effect that she was just “edging” out into the intersection trying to see if any traffic was approaching on St. Claude on the other side of the bus when the collision occurred. She testified that “just a little bit” of her car was past the front of the bus — that only her headlights were past the bus, and that she hadn't advanced far enough to see the cab when the vehicles collided.
The cab driver testified that he was driving in the middle traffic lane on St. Claude Avenue at 20 or 25 miles per hour; that he was looking straight ahead, and that just as he got beyond the front of the parked bus he was struck by the Sensebe automobile; that the Sensebe car was not over five feet from him when he first saw it; thát just at the moment of impact he swerved to his left and applied his brakes and that his cab went about 20 feet and came to rest on the neutral ground; that the Sensebe car remained in the intersection near the point of impact.
Undoubtedly Mrs. Sensebe was guilty of negligence under the circumstances and the District Judge so held.
As to the driver of the taxi-cab, we agree with the District Judge who said in his reasons for judgment “ * * * the evidence preponderates to the effect that he was not speeding; he had the right to assume that Mrs. Sensebe would not cross St. Claude Avenue in front of the bus, but would wait for the bus to clear the intersection before attempting to cross”. On this point see: Brown v. Gonzales, La.App., 77 So.2d 887; and Ehtor v. Parish, La.App., 88 So.2d 543.
Plaintiff does not take issue with the above. His sole contention is that the Sensebe automobile, after clearing the front of the bus, travelled some 12 feet further into the intersection, in clear view of the cab driver, before the collision occurred, and that the cab driver was negligent in not seeing her as he could, and should, in time to avoid the accident by pulling to the left.
St. Claude Avenue accommodates three 10 foot lanes for traffic proceeding in an uptown direction. The lane next to the street curb is reserved for parking, the middle lane and the lane next to the neutral ground are for moving traffic. The latter two lanes are divided by a white line.
Plaintiff-appellant contends that the taxicab was travelling in the neutral ground lane and that the point of impact was at the white line. He bases this contention on the testimony of Officer Jackson of the New Orleans Police Department who investigated the accident and on the testimony of a Mr. Soupene who was near the scene when the accident occurred, and on the testimony of the plaintiff herself.
*187 Officer Jackson stated that he found a little dirt and mud in the street by the white line but did not know where it came from. In view of the other testimony in the record, his testimony does not satisfy us that the point of impact was there.
Mr. Soupene’s testimony is that he had gotten off of the bus and was walking across France Street when he saw the Sensebe car pull out into the intersection; that he then heard a crash and that after the crash the front of the Sensebe car was two feet beyond the white line, having trav-elled two feet after the collision. If Mr. Soupene actually saw the vehicles come together, as to which we entertain some doubt, he did so from behind the Sensebe car and not too much weight can be attached to his estimate of the distance it travelled after the impact.
Mrs. Trippi, the plaintiff taxi-cab passenger, testified that the cab was travelling ■“about the width of another car” from the side of the bus. However, she also testified she was looking ahead but did not see the Sensebe car until the cab was two to three feet behind the front of the bus.
Opposed to appellant’s theory that the point of impact was at least 12 feet beyond the left side of the bus is the testimony of both drivers. They concur in testifying that the taxi-cab was travelling in the middle lane and that the vehicles collided just as the front of the Sensebe automobile cleared the bus and that the point of impact was no more than about 5 feet into the intersection beyond the left of the bus. Of all the witnesses, they were in a better position to know. Under these circumstances the taxi-cab driver had no opportunity whatever to avoid the accident. We are satisfied, as was the District Judge, that no negligence can be attributed to him.
For the foregoing reasons the judgment of the District Court dismissing plaintiffs suit as against Toye Bros. Yellow Cab Co., is affirmed.
Affirmed.