LUTHER E. HALL, Judge pro tem.
Plaintiffs, Washington Fire & Marine Insurance Company, as subrogated insurer of Mrs. F. M. Ricord, and Mrs. F. M. Ricord, for her own account, sued defendant for $75.00 and $100.00 respectively for damages occasioned to Mrs. Ricord’s automobile in a collision with defendant’s car which occurred September 15, 1959, in the intersection of Magazine and Seventh Streets in the city of New Orleans. Suit was filed on March 8, 1960. Plaintiffs alleged that the Ricord automobile was damaged beyond repair; that its actual cash value at the time of the accident was $300.00; that the salvage was sold for $125.00, resulting in a loss of $75.00 to the insurer and a $100.00 loss to Mrs. Ricord whose policy of insurance contained a $100.00 deductible clause.
From a judgment of the First City Court of New Orleans dismissing their claims, plaintiffs prosecute this appeal. The judgment below was signed on December 14, 1960.
The accident occurred at about 7:30 P.M. Mrs. F. M. Ricord’s son, Fabius M. Ricord, Jr., was operating his mother’s automobile, with her consent, on Magazine Street going in an uptown direction. The defendant was driving his automobile on Seventh Street in the direction of the Mississippi River.
Magazine Street is a two-way through street and has the right of way over Seventh Street. Traffic entering the intersection from Seventh Street is controlled by a stop sign.
The undisputed testimony is that when defendant, proceeding on Seventh Street, arrived at the intersection he came to a stop in obedience to the stop sign. At that time a New Orleans Public Service bus was stopped at the bus-stop on Magazine Street, located on the downtown lake corner of the intersection, taking on and discharging passengers. The presence of the bus made that corner a “blind” corner to both drivers involved in the collision. Nevertheless, after coming to a stop, defendant put his car in gear and proceeded: out into the intersection, crossing in front *669 of the stopped bus. Just as he cleared the front of the bus the collision occurred. Defendant did not see plaintiffs’ automobile at any time until the moment of impact.
The driver of plaintiffs’ automobile, Fa-bius M. Ricord, Jr., had followed the bus up to Magazine Street and when it stopped at Magazine Street he came to a stop immediately behind it. When the bus did not leave immediately, Ricord Jr. pulled out into Magazine Street and attempted to pass the bus. The collision occurred just as he cleared the front of the bus.
The evidence leaves no doubt that defendant’s automobile struck plaintiffs’ automobile on the right side, but there is some dispute as to just where on the right side the impact occurred and the extent of the damage occasioned. Defendant contends that only the right rear fender of plaintiffs’ automobile was damaged and that only slightly. We are convinced however, from the photographs and other evidence adduced by the plaintiffs that the damage to plaintiffs’ car occasioned by the collision was severe and that plaintiffs have fully proved their loss.
The trial judge gave no reasons for judgment but he evidently denied relief to plaintiffs either because he thought defendant was entirely free of negligence or because he thought that Ricord Jr. was guilty of contributory negligence, otherwise he would have given plaintiffs judgment for some amount.
Defendant was patently negligent under the circumstances of this case. Hardy v. M. W. Salomon & Son, Inc., La.App., 78 So.2d 73; Ehtor v. Parish, La.App., 86 So.2d 543; Trippi v. Toye Bros. Yellow Cab Co., La.App., 133 So.2d 184.
The contributory negligence of Ricord Jr., driver of the plaintiff automobile, if any such negligence there be, cannot be considered, since no plea of contributory negligence was filed by defendant. See Washington Fire & Marine Ins. Co. v. Fireman’s Fund Ins. Co., La.App., 130 So.2d 699 and cases there cited. Besides this, since Ricord Jr. was using his mother’s automobile to serve his own interests and was not engaged upon a mission for her either as agent or employee, his negligence, if any, cannot be imputed to her. See Hardy v. M. W. Salomon & Son, supra and cases there cited.
For the foregoing reasons the judgment appealed from is reversed and set aside and judgment is now rendered in favor of the plaintiff, Washington Fire & Marine Insurance Company and against the defendant, Byron A. Bacon, in the full sum of $75.00 and in favor of the plaintiff, Mrs. F. M. Ricord, and against said defendant, in the full sum of $100.00, together with legal interest on both claims from date of judicial demand until paid and for all costs.
Reversed and rendered.