LANDRY, Judge.
This action arises from an intersectional automobile collision which occurred at the junction of U. S. Highway 190 (Highway 190) and North Causeway Approach (Causeway), St. Tammany Parish, at approximately 7:22 P.M., February 12, 1966. One of the vehicles involved in the collision was a 1960 Ford owned by Ralph W. Schmeckpeper, insured of plaintiff Phoenix of Hartford Insurance Co. (Phoenix), and being driven at the time by Schmeckpeper’s *791 minor son, Stephen A. Schmeckpeper. The other automobile concerned was a 1957 Chevrolet belonging to Salvador Llort and being operated by defendant Baltasar Llort.
The scene of the accident was in open country. Highway 190 is a two-lane, two-way thoroughfare running in a generally easterly-westerly direction. Causeway is a two-lane, one-way roadway coursing in a northeasterly direction and intersecting Highway 190 from the south at an estimated 30 degree angle. The crossing is controlled by an electric traffic signal which automatically flashes a yellow or caution signal to motorists traveling upon Highway 190 and a red or stop signal to drivers proceeding on Causeway. A stop sign to the right of motorists entering Highway 190 from Causeway warns drivers on Causeway to halt before proceeding into the intersection. The junction is a “T” intersection inasmuch as Causeway does not extend northerly beyond Highway 190. The maximum legal speed on Highway 190 is 60 miles per hour.
The accident occurred when the Schmeck-peper car, traveling easterly on Highway 190, struck the Llort vehicle as it was proceeding into the intersection from Causeway in the process of making a left turn.
Phoenix, subrogee of its said assured, sued to recover the sum of $350.00 paid the elder Schmeckpeper for personal injuries to the son, pursuant to an uninsured motorist’s clause in the assured’s policy. Mr. Schmeckpeper seeks an award aggregating $535.75, representing damages to his vehicle in the sum of $449.50 and medical expense totaling $86.25 incurred in treatment of the son’s injuries.
After trial on the merits, the lower court found defendant Llort guilty of negligence proximately causing the accident in that he found defendant’s car was not stopped at the stop sign but protruded into the eastbound lane of Highway 190 when it was struck. The trial court found young Schmeckpeper was also negligent and on that basis rejected plaintiffs’ demands. More particularly, the lower court held Schmeckpeper should have applied his brakes before blowing his horn and had he done so, he could have stopped in time to avoid the collision. From said adverse determination plaintiffs have appealed. We find the trial court correctly held defendant guilty of negligence but erred in dismissing plaintiffs’ demands. Accordingly, we render judgment herein in favor of plaintiffs as prayed for.
It is conceded it was raining on the night of the accident.
Plaintiffs’ version of the mishap is that Schmeckpeper was proceeding easterly in his proper lane at a speed of between 50 and 60 miles per hour and when his vehicle was about 300 feet from the intersection, defendant drove slowly into the intersection.
Defendant maintains he was stopped on Causeway opposite the stop sign and that young Schmeckpeper, traveling at an excessive rate of speed, lost control of his automobile and collided with defendant’s stationary vehicle. In rejecting plaintiffs’ claims, the trial court specifically found young Schmeckpeper did not timely apply his brakes.
In substance young Schmeckpeper testified he was proceeding easterly at a speed between 50 and 60 miles per hour during a rain. He testified further that when he reached a point estimated at 100 yards from the intersection, he observed the Llort vehicle “creeping” into the intersection from Causeway. Schmeckpeper also stated that upon observing this action on the part of the other vehicle, he immediately blew his horn and instantly realized Llort would not stop. According to Schmeckpeper, he forthwith applied his brakes in an effort to stop, but in vain. In addition, he stated he could not swerve into the westbound lane *792 as a vehicle was approaching him proceeding westerly upon Highway 190.
Defendant testified he stopped at the stop sign and saw vehicles approaching from both the east and west upon Highway 190. Upon so noting, he remained stationary opposite the sign and waited helplessly for the impact to occur as he observed the Schmeckpeper vehicle come sliding down the highway. The distinct impression left by defendant’s testimony and that of his guest passengers is that the Chevrolet had not entered the intersection and no portion of the Llort car protruded into the eastbound lane of Highway 190 at the moment of impact.
Troopers Donald Blunt, Jr. and Osey Singletary investigated the accident. From debris noted upon the highway, they fixed the point of impact in the eastbound lane of Highway 190 approximately two' feet south of the centerline of that roadway. The officers observed no skid marks because of the condition of the highway. They further testified that the damage to both vehicles was most extensive on the right front of each automobile. They could not account for this phenomena except to speculate that at the moment of contact the Llort vehicle was either turning left or had entered Highway 190 and stopped in the course of making such a turn.
It is well settled that a motorist confronted with a stop sign must not only stop in obedience thereto but also yield the right of way to vehicles approaching so closely upon the favored roadway as to constitute a peril or hazard to the driver crossing. American Insurance Company v. Speights, La.App., 206 So.2d 295.
Applying the foregoing rule to the case at bar, it is obvious that defendant did not stop and wait at the stop sign as he indicated in his testimony. Rather, it is clear that he proceeded into the junction at a slow rate of speed despite the presence of oncoming vehicles approaching from both his left and right. Moreover, it affirmatively appears Llort drove onto the superior highway when Schmeckpeper was so close as to make such a maneuver patently dangerous.
Adverting to plaintiffs’ contention the trial court improperly sustained defendant’s plea of contributory negligence, the record discloses defendant’s answer merely categorically denies the allegations of appellants’ petition. Article 13 of defendant’s answer, in which the plea of contributory negligence appears, reads in full as follows:
“13. In the alternative, defendant specially pleads contributory negligence.”
It will be noted that the above plea does not specify the alleged acts of contributory negligence imputed to Schmeckpeper.
Contributory negligence is an affirmative defense which must be specially pleaded. LSA-C.C.P. Article 1005. The simple allegation of contributory negligence, without specifying the facts relied upon to support such defense, merely asserts an ineffective conclusion of law. Moore v. State, La.App., 136 So.2d 751; Schaffer v. Lopinto, La.App., 128 So.2d 467.
A plea of contributory negligence being an affirmative defense in the nature of a confession and avoidance, the facts relied upon to support the plea must be specifically plead to permit reception of evidence thereunder. Moore v. State, supra.
In the case at bar plaintiffs timely objected to the introduction of any evidence tending to show contributory negligence on the part of young Schmeckpeper. In view of the pleadings and plaintiffs’ prompt objection, the trial court erred in considering defendant’s plea of contributory negligence. Under such circumstances the issue of contributory negligence was not before the trial court. Schaffer v. Lopinto, supra. Upon finding defendant guilty of negligence proximately causing the accident, the sole remaining action available to the trial court *793 was to assess damages in favor of plaintiffs in the amounts proven.
As a result of the accident young Schmeckpeper sustained a blow to the left mandible resulting in a 1 and centimeter laceration in this area which wound was repaired with sutures. He also sustained minor injury to his right knee and experienced intermittent episodes of dizziness. He remained under medical treatment for a period of approximately four months following the accident.
In addition, the chin laceration left a permanent scar approximately one inch in length. Payment by Phoenix of $350.00 for injuries of this nature and extent was eminently proper.
Plaintiff Schmeckpeper established medical expense in the aggregate of $86.25 for which he is entitled to reimbursement. It was also shown his vehicle was damaged to the extent it was a total loss and had a value of $555.00 preceding the accident. He realized a salvage thereon of $106.00, making his net loss in this respect $449.00, or $.50 less than the sum of $449.50 claimed for this item. Accordingly, plaintiff will be limited to recovery of the sum of $449.00 for the loss of the vehicle.
For the reasons hereinabove set forth, it is hereby ordered, adjudged and decreed that the judgment of the trial court rejecting and dismissing the demands of plaintiffs, Phoenix of Hartford Insurance Co. and Ralph W. Schmeckpeper, be and the same is annulled, reversed and set aside.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff Phoenix of Hartford Insurance Co. and against defendant Salvador Llort in the sum of Three Hundred Fifty and No/100 ($350.00) Dollars with interest thereon from date of judicial demand, until paid, and in favor of plaintiff Ralph W. Schmeckpeper and against defendant Salvador Llort in the full sum of $535.25, together with legal interest thereon from date of judicial demand, until paid. All costs of these proceedings to be paid by defendant Salvador Llort.
Affirmed in part, reversed in part and rendered.