REDMANN, Judge.
Plaintiff appeals from the dismissal of his personal injury suit against a subcontractor whose uncompleted installation of circular, iron stairs was the occasion of plaintiff’s fall and injury.
Plaintiff was working at installing bathroom vanities in a building being remodeled into two-story apartments. Inside each apartment circular iron stairs to connect the two floors were being constructed; outside the apartments, a completed wooden stairway provided access to the second floors.
Plaintiff and his partner had used the outside stairway to get to the second floor and to take the vanity to the front apartment’s bath. Plaintiff planned to have his partner hand up the rear apartment’s vanity through the circular stair opening, and stepped on the top tread preparing to receive the vanity. The tread was only tack welded and gave way.
Plaintiff was aware that construction of the circular stairs began the day before the accident. But plaintiff testified that they appeared complete on the morning of the accident, in that no barricade prevented their use and all treads were attached to the center pipe. He did not remember with certainty whether the handrail was attached. Defendant subcontractor testified that the four bottom steps were not yet attached and that there was no handrail (without which the wedge-shaped treads obviously had no support except at the center pipe).
The trial judge, in oral reasons, did not resolve the conflict as to the four bottom steps. But he did conclude that the iron handrail was not installed, and he found plaintiff contributorily negligent in using the stairs when he knew they were being constructed the day before and knew or should have known, from the absence of the handrail, that they were not completed the morning of the accident.
In appellate argument plaintiff emphasizes his objection to admission of testimony as to the absence of the handrail, claiming this factual element of the affirmative defense was required by C.C.P. art. 1005 to be pleaded.
Plaintiff cites Phoenix of Hartford Ins. Co. v. Llort, 219 So.2d 789 (La. App., 1969), where the answer recited only “defendant specially pleads contributory negligence”, as requiring the facts of the affirmative defense to be pleaded. Accepting that the material factual elements of the defense, except where already pleaded elsewhere (see Scott v. Behrman, La.App., 1973, 273 So.2d 661), must be set forth in the answer to comply with art. 1005, we conclude that defendant’s answer did reasonably set forth the material facts of failure to observe incompletion such that plaintiff should have observed it, and of use by plaintiff of the stairway on a construction site without ascertaining its safeness. The absence of a handrail is an evidentiary fact tending to support the ultimate material fact of obvious incompleteness, and the evidentiary facts need not be pleaded. See, e. g., Wiltz v. Esso Std. Oil Co., 126 So.2d 649 (La.App., 1961).
Assuming defendant may have been negligent, plaintiff was at least contributorily negligent.
The judgment is affirmed.