93 So.2d 194

**CALVERT FIRE INSURANCE COMPANY**

**v.**

**Jack LEWIS.**

No. 42725.

Jan. 21, 1957.

Rehearing Denied Feb. 25, 1957.

Norman R. Tilden, New Orleans, for plaintiff-appellant and respondent.

A. J. Marciante, New Orleans, for defendant-appellee and relator.

McCALEB, Justice.

This suit for damages, which comes to us on a writ of certiorari granted to defendant, arises out of an automobile collision which occurred in the city of New Orleans on a rainy morning (November 10, 1950) at the intersection of North Broad and St. Philip Streets when a Studebaker automobile owned and operated by the defendant, Jack L. Lewis, was struck on its right rear door and fender by a Packard car owned and driven by one Louis M. Cherry of Meridian, Mississippi. As a result of the accident, defendant's car was damaged in the amount of $138.38 and Cherry's car sustained damage to its front portion, hood, radiator, etc., necessitating repairs costing $454.15.

Cherry carried a $50 deductible collision policy with the plaintiff, Calvert Fire Insurance Company, and the latter paid $404.-15 of the total damage and took a conventional subrogation from Cherry for this amount. Thereafter, it instituted this suit against Lewis for reimbursement of the $404.15, claiming that the accident was entirely attributable to his negligence. Lewis answered denying generally the allegations of the petition and also filed a reconventional demand charging Cherry with certain specific acts of negligence and praying for judgment against him for the $138.38 damage sustained by the Studebaker car.

The point of impact between the two cars was the riverside roadway of North Broad Street at its intersection with St. Philip Street. North Broad Street is a paved dual highway running from Canal Street to Gentilly Road. It is separated by a neutral ground 25 feet in width and its two roadways are 35 feet wide. The lakeside roadway accommodates traffic proceeding towards Canal Street and the riverside roadway is devoted to traffic travelling towards Gentilly Road. The street is intersected at right angles by St. Philip Street which is a 35-foot one-way paved street running from Bayou St. John towards the Mississippi River.

At the time of the accident, Cherry was driving his Packard car on the riverside roadway of North Broad Street and Lewis was crossing over the intersection from the lake side of St. Philip Street to the river side and had reached and preempted the riverside roadway crossing when the right rear side of his car was struck by the front end of the Packard as it came into the intersection.

On the trial of the merits, only the participants testified as to the cause of the accident and the trial judge, finding both drivers guilty of negligence, rendered

judgment dismissing the main demand and the demand in reconvention.[1] Thereafter, plaintiff applied for a rehearing contending that, since defendant, who was found to be at fault, had failed to plead Cherry's contributory negligence as a special defense, there should have been judgment in favor of plaintiff.

The trial judge refused the rehearing. However, he granted a new trial, ex proprio motu, at which he permitted defendant to amend his pleadings by inserting in his reconventional demand, after the allegations of negligence, the words: "that plaintiff was contributorily negligent". No further pleadings or evidence being offered by either litigant on the new trial, the original judgment was reinstated.[2]

On plaintiff's appeal from this judgment, the Court of Appeal for the Parish of Orleans reversed the lower court as to the main demand and awarded plaintiff judgment for $404.15. The basis of the appellate court's opinion was that the defense of contributory negligence could not be considered since it had not been pleaded and, further, that it was improper for the trial judge to permit an amendment to pleadings injecting a new defense (contributory negligence) after the case had been fully tried on its merits. See 83 So. 2d 139.

■ Before considering the correctness of the respective rulings anent the sufficiency of the pleadings to present the defense of contributory negligence, we must first determine whether plaintiff has established that defendant was guilty of negligence which was the proximate cause of the accident. This presents, of course, solely an issue of fact.

Plaintiff specifies in its petition that Lewis was guilty of negligence in failing to stop in obedience to a "Stop" sign located at the entrance to the lakeside lane of

1. The assertion of the reconventional demand against Cherry was improper because Cherry was not a party to the suit and Calvert Fire Insurance Company, plaintiff and subrogee of Cherry under the collision insurance policy, was not the public liability insurer of Cherry. However, despite the attempts of the attorneys for Cherry's public liability insurer, Bruce, Dodson & Company (who were permitted to make themselves counsel of record in the case) to have the reconventional demand dismissed, the trial judge insisted on taking this demand into consideration theorizing that the damages pleaded by defendant could be offset or compensated against whatever judgment plaintiff, Cherry's subrogee, might obtain against him if Cherry was guilty of negligence. There is no substance in this theory for the reason, among others, that compensation or offset, which takes place by operation of law, applies only as to liquidated debts and has no pertinency to tort claims. Civil Code Articles 2207–2216.

2. The judge stated at the new trial that he did not think the amendment necessary since defendant had charged, in his reconventional demand, that Cherry was guilty of negligence but he permitted the amendment "out of an abundance of caution".

North Broad Street; that he proceeded across the intersection at 30 miles per hour and that he also violated Section 10(b) of Article VI of the Traffic Ordinance of the City of New Orleans in failing to come to a full stop on the neutral ground of North Broad and St. Philip Streets and in not blowing his horn before entering the intersection.

The only evidence offered to substantiate these charges of defendant's fault was that of Cherry himself. The substance of his testimony is that he was travelling on North Broad Street, approximately 7 feet from the neutral ground curbing, at a speed of 20 to 25 miles per hour; that, as he was approaching the intersection of St. Philip Street, he noticed another automobile overtaking his car from the rear on the right-hand side; that he did not see defendant's Studebaker coming across the neutral ground and entering the intersection until his car was about 30 feet from it; that defendant's car was travelling at approximately 20 to 25 miles an hour; that it did not stop on the neutral ground but came right into the intersection and that, although he applied the brakes of the Packard car, which caused it to skid some 10 feet, he was unable to avoid colliding into the right rear side of the Studebaker. Cherry says too that, at the time he struck defendant's car, the other automobile which had been travelling to his right in the Broad Street roadway had overtaken his car and that this automobile also struck the car of the defendant.

Opposed to this version of the accident is the testimony given by defendant, the only other witness thereto. He says that, on reaching North Broad Street, he came to a complete stop at the lakeside corner in obedience to the "Stop" sign located at the intersection; that he then negotiated the lakeside roadway of North Broad Street and that, when he reached the neutral ground, he again came to a complete stop and looked to his right for traffic proceeding on the riverside roadway; that he observed an automobile (which Cherry apparently contends was the automobile attempting to overtake his Packard) on the right-hand side of the roadway approaching at a slow rate of speed and, feeling that he had ample opportunity to cross, he put his car in low gear and started over the intersection; that, just as he was leaving the neutral ground, he noticed Cherry's car about 75 feet away; that this car had pulled out from behind the car on the right and was proceeding to pass that car at a fast rate of speed and that, after he (defendant) had preempted the roadway, Cherry's car crashed into the right rear side of the Studebaker despite application of the brakes by Cherry, which caused the Packard to skid forward over the wet pavement for some 30 feet. Defendant esti-

mates that Cherry was driving at approximately 50 miles an hour and stated that the impact was so great that it spun his Studebaker twice around. He also contradicts Cherry's statement that the unknown car struck the Studebaker; he says that the car stopped short of the intersection to allow him to cross.

It is seen from the foregoing that the testimony of the participants is in hopeless conflict as to the cause of the accident and as to the conduct of each just prior to the impact. Under such conditions, it is proper to look to the physical facts and other surrounding circumstances in an effort to ascertain the truth. But in this case there is no corroboration of the statement of either participant and no physical facts to which we may turn other than the fact that Cherry's car struck the Studebaker after it had preempted the crossing. This fact, while not decisive, would seem to indicate that Cherry did not have his car fully under control or was not exercising a proper lookout and, to this extent, may be said to be favorable to defendant.

In holding that the evidence in the case convicts both parties of negligence, the trial judge remarked that he accepted the testimony of the participants "at face value" and the Court of Appeal, without discussing the conflicting testimony, merely stated that the record conclusively showed that both drivers were at fault.

In view of the irreconcilable statements of Cherry and Lewis, we think that both courts erred in their appreciation of the evidence. Obviously, it was impossible for the trial judge to accept the testimony of each driver at its face value as one or the other is not telling the truth or is mistaken. If Cherry is believed, then defendant is guilty of gross fault and, if Lewis is correct, it cannot be gainsaid that the accident is exclusively attributable to Cherry's dereliction. Under these circumstances, without the aid of corroborating evidence and any physical fact, other than the one to which we have above adverted, it is clear that plaintiff's demand must be rejected as it carried the burden of establishing defendant's negligence by a preponderance of evidence. And, when we analyze the opposing versions of the participants in the accident, we cannot say that Cherry's testimony is more credible and more in accord with the reasonable probabilities than that of Lewis. Indeed, after a careful examination of both statements, we find no reason to hold that Lewis was at fault in any particular.

In view of this conclusion, it is not essential that we consider whether defendant's pleadings were sufficient to raise the defense of contributory negligence. Nor need we consider defendant's reconventional demand as that demand is directed against Cherry, who is not a party to the suit.

The judgment of the Court of Appeal is reversed and the judgment of the district court is reinstated and affirmed. Plaintiff is to pay all costs.

HAMITER, J., concurs in the decree.