HARDY, Judge.
This action was instituted by plaintiff, in his capacity as Administrator of the Succession of Mrs. E. E. Jones, deceased, who prayed for a declaratory judgment decreeing certain described real property, located in Union Parish, Louisiana, to be vested in the succession of the decedent, as constituting her separate and paraphernal estate. Named as defendant was the divorced hus *174 band of the decedent, Henry A. Jones. No appearance having been made by defendant, preliminary default" was regularly entered and confirmed by judgment dated October 18, 1962. Following rendition and signing of the judgment, defendant retained counsel, and a motion for a new trial was timely filed, which motion was overruled upon the basis of written reasons assigned by the district judge. Defendant has appealed from the default judgment.
The initial and controlling issue presented by an appeal from a default judgment is whether adequate proof, sufficient to support a judgment, was made on the occasion of confirmation of the default.
In Aycock v. Miller (La.App.2nd Circuit, 1944), 18 So.2d 335, the opinion stated:
“There are many decisions of the courts of this State which hold that where the recitals in a judgment are that ‘plaintiff has made due proof of his claim/ it will be presumed that legal and sufficient evidence is before the Court. Goldman v. Thomson, 3 La.App. 469; Martin v. District Grand Lodge, La.App., 146 So. 793.”
In Lindsley-Feiber Motor Company v. Brumfield (La.App. 1st Circuit, 1959), 111 So.2d 555, the court recognized and approved the above quoted principle, but limited its application to cases in which the evidence was not transcribed, declaring that “ * * * there is a presumption that the judgment was granted on legal and sufficient evidence.”
In the case before us, the testimony was not transcribed and the judgment contained the following recital:
“This matter having been regularly filed and served, defendant having failed to answer or otherwise appear; and plaintiff having proved his case in open court after default duly entered which is now confirmed after the lapse of all legal delays, and the law and the evidence in favor thereof; * *
The above recital in the judgment establishes the presumption, binding upon an appellate court, that the evidence produced on confirmation of a default was sufficient to sustain the judgment entered, in the absence of any contrary showing on the face of the record.
In the instant case, after hearing on the motion for a new trial, the learned district judge dictated an oral opinion which was transcribed and signed and which constitutes a part of the record before us. In this opinion the judge reviewed in some detail the evidence that had been produced when the case was tendered for confirmation. This opinion gives convincing support to the already established presumption that legal and sufficient proof was adduced.
Before this court counsel for defendant-appellant has strenuously argued that the evidence was not sufficient to overcome the presumption established by Article 2402 of the LSA-Civil Code to the effect that all property acquired by purchase in the name of either spouse constitutes a part of the community existing between them. In support of this position counsel relies upon the specific requirements of proof on behalf of the wife as enunciated in Succession of Franek, 224 La. 747, 70 So.2d 670. We think this contention is without merit, in view of the recitals of the judgment and the additional details set forth and analyzed in the opinion of the trial judge as above noted.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.