HALL, Judge.
Plaintiff obtained a judgment by default against defendant in the sum of $8,865.00 plus interest and costs. Defendant appealed.
One of the issues presented to us for adjudication is whether the proof adduced in confirmation of the default was sufficient to entitle plaintiff to a judgment. Since a resolution of this issue will, in our opinion, be dispositive of the case we shall praeter-mit discussion of the several other issues which were briefed by the parties.
The only proof offered by plaintiff in support of its claim was an affidavit by its general manager to the effect that the statements attached to the petition contain a true and accurate account of the amounts due; that defendant has paid nothing on said account and that the amount presently due and owing by defendant is $8,765.00.
The particular question involved here is whether plaintiff’s suit is on an open account. If so the proof adduced was suffient. (See LSA-C.C.P. Art. 1702.) If the suit was not on an open account testimony as in ordinary cases was required to prove the claim.
The nature of plaintiff’s claim is determined by the allegations of its petition. In paragraphs 1 and 2 thereof plaintiff shows that it is the owner and operator of Television Station WWL-TV and alleges that defendant is indebted to it in the full sum of $8,765.00. Paragraphs 3 and 4 read as follows:
“HI.
“That the defendant, Lakeside Rambler Sales, Inc., as set forth on the annexed statements of account did contract with the plaintiff for the purchase of certain radio and/or television broadcast commercial time, that in accordance with said contracts your petitioner did perform the services required thereby; namely, to produce and broadcast on television station, WWL-TV, certain commercial announcements and advertisements as agreed to under the terms of said contracts ; that petitioner has fully complied with the terms and provisions of said contracts of advertisement at all times and has performed all of the services required of it thereunder.”
“IV.
“That in accordance with the agreement between plaintiff and defendant herein, the said defendant, was billed for the cost of the services rendered under the *51 terms of these various contracts on a monthly basis, and that the monthly balances due thereon are set forth on the duly certified statements of account which are annexed hereto and specifically form a part hereof, as if copied herein, ‘in extenso’.”
We note also that the affidavit offered in confirmation of the default refers to “ * * * services performed by plaintiff herein * * * in accordance with the agreement entered into between plaintiff and defendant herein.”
It is clear to us from the recitals of the petition that plaintiff’s claim is not a claim on an open account but is based on a particular contract or contracts and not upon simple sales of a commodity or service in the usual course of business. We are therefore of the opinion that the proof offered by plaintiff in confirmation of the default is insufficient to warrant a judgment in its favor.
For the foregoing reasons the judgment appealed from is annulled and set aside and the case is remanded to the Trial Court for further proceedings according to law consistent with the views herein expressed; costs of this appeal to be borne by plaintiff-appellee, all other costs to await final determination of the cause.
Judgment annulled and set aside.
Case remanded.