207 So.2d 847 (1968)
MOTION PICTURE ADVERTISING CORPORATION
v.
Jewel SMITH, Jr., d/b/a Smith Wrecker & Towing.
No. 7263.
Court of Appeal of Louisiana, First Circuit.
March 4, 1968.
W. Frank Gladney, Baton Rouge, for appellant.
Doris Gates Rankin, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS, and CUTRER, JJ.
LOTTINGER, Judge.
This is an appeal from a default judgment taken in the City Court in and for the City of Baton Rouge, Louisiana. The record points out that the plaintiff, Motion Picture Advertising Corporation, on June 5, 1967, filed a "suit on contract", attaching thereto a sworn itemized statement of the amount due and a copy of the contract, against the defendant, Jewel Smith, Jr., d/b/a Smith Wrecker & Towing. On the 7th of June, 1967, the defendant was personally served, and there being no appearance made by the defendant, a default judgment was taken on June 15, 1967. It is from this default judgment that the defendant has appealed.
The basis of the defendant-appellant's appeal is that the default judgment is "based upon insufficient allegations in plaintiff's petition and totally inadequate proof filed in the record." The defendant further contends that the judgment is "without legal substantiation because of the fact that no testimony was offered or produced to show any performance whatsoever."
It must be noted that this record is void of any transcript of testimony or any narrative of facts. This Court cannot consider any narrative by the defendant-appellant as to what transpired in the Trial Court. LSA-C.C.P. Art. 2131 is very specific when it provides:
"If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written *848 narrative of the facts, which shall be conclusive."
There is nothing in the record to show that the appellant has requested the plaintiff to join with him in a written and signed narrative of facts, nor that the plaintiff has refused to do so. It must further be noted that there is no narrative of facts written and supplied by the Trial Judge.
It is contended by the defendant that plaintiff did not have sufficient allegations in his petition, i. e. performance of contract by the plaintiff. There is no question but that the plaintiff did allege performance, and therefore, we can find no merit to this contention.
The defendant-appellant next contends that the Trial Court was in error in awarding this judgment by default when this was a "suit on contract", and under LSA-C.C.P. Arts. 5001 and 1702, more than a mere affidavit was necessary to confirm the default judgment. In support of this contention, the defendant cites Loyola U. Radio-WWL-TV v. Lakeside Rambler Sales, 199 So.2d 49, La.App. 4th Cir. (1967) wherein in a suit on a contract, and the only proof being offered by the plaintiff in confirmation of its default judgment was an affidavit that the petition contained a true and accurate account of the amount due, the Court held that this was not sufficient. In essence, the defendant-appellant is contending that under LSA-C.C.P. Art. 5001, the same procedure as used in a District Court for the confirmation of a default must be used in a city court case where the amount in dispute is more than $100.00.
The judgment of the City Court in part provides that "the plaintiff having made due proof of its claim according to law, and the law and the evidence being in favor hereof, * * *." In light of this language in the judgment, and of the settled jurisprudence of this state that where the appeal record does not contain the testimony of the witnesses, nor a narrative of the facts, the presumption is that the Trial Court judgment is correct, we can see no need in discussing the contention by the defendant-appellant that the same procedure as used in a District Court should be used in the City Court where the amount in dispute is more than $100.00. Vehrs v. Jefferson Insurance Company, 168 So.2d 873, La.App. 3rd Cir. (1964) and Clark v. Richardson, 157 So. 2d 325, La.App. 3rd Cir. (1963). See also Jones v. Jones, 153 So.2d 173. In light of this line of jurisprudence, and the cited language of the City Court's judgment, we affirm the judgment of the City Court.
The plaintiff, Motion Picture Advertising Corporation, has answered the appeal of the defendant-appellant, praying that the judgment of the City Court be affirmed and further praying that the plaintiff be awarded the sum of $150.00 plus interest as damages for a frivolous appeal as provided for in LSA-C.C.P. Art. 2164. There is much jurisprudence under this Code of Civil Procedure Article, and it is well settled "that damages for a frivolous appeal are usually not allowable unless it is manifest that the appeal was taken solely for delay or that counsel does not seriously believe in the view of the law he advocates, even though the appeal is without serious merit." Ardoin v. Travelers Insurance Company, 116 So.2d 841, 844, La.App. 1st Cir. (1959); Lanza Enterprises, Inc. v. Continental Insurance Co., 129 So.2d 91, La.App. 3rd Cir. (1961); Bergeron v. Southern Farm Bureau Casualty Ins. Co., 169 So.2d 407, La.App. 3rd Cir. (1964). We are therefore unable to award damages for a frivolous appeal since we are of the opinion that it is not manifest that the appeal was solely for delay and since it is not apparent that able counsel for the appellant, who filed a brief, a supplemental brief, and made a vigorous oral argument, did not believe in the merits of his appeal.
For the foregoing reasons, the judgment of the Trial Court is affirmed, all costs of this appeal to be paid by defendant-appellant, Jewel Smith, Jr., d/b/a Smith Wrecker & Towing.
Judgment affirmed.