LOTTINGER, Judge.
This case arises out of a dispute between plaintiff and defendant as to the ownership of an automobile. The record points out that the plaintiff had reared the defendant, plaintiff’s niece, from childhood until the defendant’s marriage. The defendant after marriage removed herself from the plaintiff’s home. Subsequent thereto, the defendant and her husband separated, and the defendant moved back in with her aunt. This was in 1967.
In April of 1968, according to Mr. Joe Vince, a salesman for Miller Buick Company, the plaintiff and her niece appeared at Miller Buick to purchase an automobile. The plaintiff picked out the automobile she was interested in and told Mr. Vince that she was going to the bank and draw out the money for the automobile. She came back with a cashier’s check in the amount of $4,000.00, plus handing him $847.50 in cash. The title of the automobile was placed in the name of the defendant, as was the receipt and invoice, at plaintiff’s request.
The Lower Court was satisfied, and so is this Court, from the evidence, that the plaintiff, Albertha Green, did go to the Louisiana National Bank and obtain a $4,000.00 cashier’s check, and that she subsequently went to the City National Bank and withdrew sufficient cash. Mr. Vince further testified that both the plaintiff and the defendant returned to Miller Buick Company, and the plaintiff removed the check and cash from her purse for the purchase of the automobile. The plaintiff further testified that she gave the defendant $200.00 toward the purchase of an insurance policy covering the vehicle.
Plaintiff testified that the automobile was placed in defendant’s name because the plaintiff could not drive, and it was her intention that the defendant was to use the car to transport plaintiff wherever plaintiff wanted to go, in addition to the defendant being able to use the car for her personal use. Subsequent to the purchase of the automobile, and apparently after an argument concerning the defendant’s hus *206 band, the defendant refused to drive the plaintiff anywhere and claimed that the automobile was hers. The plaintiff testified that on one occasion the defendant threatened her with a pistol, and even struck the plaintiff several times with the gun. The plaintiff admitted throwing the defendant’s clothes out of her house.
The defendant admits that there was an argument between plaintiff and herself concerning her husband, but contends that she furnished the $847.50, as well as buying the insurance and paying all of the upkeep on the automobile. However, she could present no proof as to where she obtained the $847.50, other than to say that she had saved it from her paycheck and kept it at her house rather than in a bank.
The plaintiff’s sister, who is also the defendant’s mother, testified that Albertha Green had raised her child from childhood and that both Albertha Green and her husband, now deceased, had promised to give the defendant an automobile when she finished high school. The defendant finished high school in 1962, and the automobile in question was purchased in April of 1968.
After the argument with her aunt concerning her husband, the defendant removed herself from the plaintiff’s home and took with her the automobile in question. The plaintiff thereupon filed this suit seeking repossession of the automobile, and a writ of sequestration in the interim. The Lower Court found in favor of the plaintiff, and it is from this judgment that the defendant has appealed.
Nowhere in the record do we find that there was any discussion that the automobile in question was given to the defendant as a gift. The only mention made of a gift of an automobile is the testimony that the plaintiff and her deceased husband had some years back stated that they would give the defendant an automobile when she finished school. But at no other time, and particularly after the purchase of the automobile, was any reference made to the fact that the automobile was given to the defendant. We do not find that the plaintiff ever intended to give this automobile to the defendant as a donation. Regardless of the fact that the vehicle was placed under the name of the defendant at the time that it was purchased, we find that this was done simply because the plaintiff did not know how to operate an automobile. We find no manifest error in the judgment appealed from.
The plaintiff, appellee, has filed an answer to the appeal and is now asking for damages as the result of this frivolous appeal as is provided for in LSA-C.C.P. Art. 2164. There is much jurisprudence under this Article, and it is well settled, “that damages for a frivolous appeal are usually not allowed unless it is manifest that the appeal was taken solely for delay or that counsel does not seriously believe in the view of the law he advocates even though the appeal is without serious merit”. See Motion Picture Advertising Corp. v. Smith, La.App.1968, 207 So.2d 847 and cases therein cited. We are therefore unable to award damages for a frivolous appeal herein since we are of the opinion that it is not manifest that the appeal was solely for delay and since it is not apparent that able counsel for appellant, who filed a brief timely and made a vigorous oral argument, did not believe in the merits of his appeal.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed.
Judgment affirmed.