HALL, Judge.
In this slip and fall case the jury found for the defendants and judgment was rendered rejecting plaintiff’s demands and dismissing her suit. Plaintiff appealed. We affirm the judgment of the district court.
Plaintiff, Mrs. Mary Henrietta Phillips, injured her knee when she slipped and fell on a piece of fatty meat while shopping in the A & P Supermarket on Creswell Avenue in Shreveport on August 6, 1970, at about 5:15 p. m. She brought suit for damages against the Great Atlantic & Pacific Food Stores, its insurer, Aetna Casualty & Surety Company, and the store manager, W. P. Whitmeyer. On motion of plaintiff prior to trial the suit was dismissed as against defendant, Whitmeyer.
There is no evidence as to how the piece of fatty meat got on the floor of the aisle of the store and, specifically, there is no evidence that its presence was caused by defendant’s employees. There is no evidence as to how long the substance was' on the floor prior to the accident.
Plaintiff contends primarily that the evidence supports a finding of negligence on the part of defendant in that it did not employ adequate inspection and cleanup procedures, and more specifically, that on this particular day it did not even follow its regularly established inspection and cleán-up procedures.
The evidence in regard to the store’s inspection and cleanup procedures consisted of the testimony of Stewart Barnes, a stock clerk, and John A. Brock, the assistant manager. Their testimony discloses that the supermarket ordinarily has about seven employees whose duties consist interchangeably of checking out customers, stocking merchandise, carrying bags and cleaning up. The customary policy of the store was to clean the floors every forty-five minutes to one hour each day. On the date of the accident only about four of the seven employees were on duty, the others, including two utility clerks, being away from the store because of vacation, illness or the like.
When called on cross examination at the beginning of the trial, Stewart Barnes *654 testified he cleaned the floors with a dry, chemically treated mop after he returned from his lunch hour, completing this task at about 3:45 or 4:00. He testified he spent the rest of his work day checking out customers. Later on during the trial, when called on direct examination by the defendants, Barnes testified he again cleaned the floors of the store at about 4:30 p. m., at the direction of the assistant manager, Brock. He stated his memory had been refreshed by a report he wrote and signed on the day of the accident in which he mentioned the later cleanup operation.
The assistant manager, Brock, testified the floors were mopped with the dry mop by Barnes pursuant to his instructions when Barnes returned from lunch about 3:30 or 3:45 and then again at about 4:30.
Plaintiff argues strenuously that Barnes’ testimony on direct examination that he cleaned the floor at 4:30 should be given no weight in view of his earlier inconsistent testimony on cross examination. Based on the earlier testimony, the floors were not cleaned from about 3:45 to the time of the accident at 5:15, or a period of about one and one-half hours.
The evidence shows that the Creswell A & P Store is the number one volume A & P store in Shreveport, doing between $28,000 and $33,000 business each week. The busiest time of the day for the store is around 5:00 in the afternoon. Plaintiff argues that the failure to clean the floors for a period of one and one-half hours under these circumstances, and contrary to the store’s usual procedures, amounts to negligence.
Defendant contends on the other hand that plaintiff has failed to meet her burden of proving either that the defendant’s employees caused the substance to be on the floor, or that defendant had actual knowledge of the substance being on the floor, or that the substance had been on the floor for such a length of time as to constitute constructive knowledge on the part of the store. Defendant further contends that the • store’s inspection and cleanup procedures were adequate particularly in view of the testimony that the floor was last cleaned at about 4:30, only forty-five minutes prior to the accident.
Clearly plaintiff here failed to prove the essential elements of recovery in a slip and fall case as enunciated in the leading case of Peters v. Great Atlantic & Pacific Tea Co., 72 So.2d 562 (La.App. 2d Cir. 1954) and as restated more recently in Nelson v. United States Fidelity & Guaranty Co., 248 So.2d 839 (La.App. 2d Cir. 1971) and Kinard v. Kroger Company et al., 255 So.2d 826 (La.App. 2d Cir. 1971). Plaintiff proved that the dangerous condition existed at the point where the fall occurred, that is, some foreign substance was present to account for the fall. She also proved that the dangerous condition or foreign substance caused the fall. However, she failed to prove that the dangerous condition was caused by the storekeeper or that the storekeeper had actual knowledge of the presence of the dangerous substance on the floor, or that the substance had been on the floor for such a length of time as to constitute constructive knowledge on the part of the storekeeper.
A closer question is presented if this case is viewed in the light of the principles announced by the First Circuit in Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d 383 (La.App. 1st Cir. 1969), or the minority expressions emanating from several judges of the Third Circuit. See the dissenting opinion of Judge Culpepper in Lofton v. Travelers Insurance Company, 208 So.2d 739 (La.App. 3d Cir. 1968) ; the concurring opinion of Judge Tate in Broussard v. National Food Stores of La., Inc., 233 So.2d 599 (La.App. 3d Cir. 1970) ; and the dissenting opinion of Judge Miller in Brown v. Kroger Co., 252 So.2d 336 (La.App. 3d Cir. 1971). These cases were reviewed in our opinion in Kinard v. Kroger Company et al., supra. In Lang, the First Circuit allowed recovery based on a finding that the defendant’s inspection and cleanup procedures were inadequate, no inspection hav *655 ing been made of the area where the accident happened for more than one and one-half hours prior to the accident. The First Circuit would allow recovery in a slip and fall case on the basis of the storekeeper’s fault in failing to engage in reasonable systematic inspection procedures and thereby failing to furnish its customers a safe place in which to conduct their business. Judges Culpepper and Tate would apply the doctrine of res ipsa loquitur or inference of negligence where the evidence shows the storekeeper has breached his duty to make reasonable inspection of the premises to discover dangerous and hazardous conditions. Judge Miller is of the opinion that after the plaintiff has proved a dangerous condition existed and that the dangerous condition caused the fall, then the storekeeper must discharge the burden of proving he has carried out systematic, frequent and careful inspections of the aisles for the sole purpose of cleanliness. He describes this approach as “a reasonable alternative to absolute liability.”
In the instant case the evidence shows the defendant store had a regular and systematic policy of cleaning the floors every forty-five minutes to one hour. The testimony is that the floor was cleaned at about 3:45 (one and one-half hours prior to the accident) and again about 4:30 (forty-five minutes prior to the accident). Although the employee, Barnes, failed to mention the latter cleaning operation when first testifying under cross examination, we are not prepared to hold that his subsequent testimony, backed up by that of the assistant manager, is false. On the evidence presented in this case, we conclude the inspection and cleanup procedures employed by defendant on the day of the accident were adequate and reasonable. We find no manifest error in the jury’s verdict in favor of the defendants.
For the reasons assigned, the jury verdict and judgment of the district court denying recovery is affirmed, at plaintiff-appellant’s costs.
Affirmed.