SAVOY, Judge.
This is an action in tort wherein Mrs. Eula Galloway and her husband, Sheldon H. Galloway, sued the insurer of the Kroger Company, Employers Casualty Company, for damages because Mrs. Galloway allegedly fell on a watery substance in one of the Kroger stores in Lake Charles, Louisiana, on October 2, 1968. In its original answer, defendant denied the pertinent allegations of plaintiffs’ petition. By supplemental answer, defendant alleged that the cause of the accident was Mrs. Galloway’s negligence in failing to keep a proper look-out, in failing to see what she could and should have seen, in failing to use due and reasonable care under the circumstances. After a trial on the merits, the district court awarded plaintiffs a money judgment. Defendant has appealed to this Court.
The record reveals that at approximately 4:00 P.M. on October 2, 1968, Mrs. Galloway and her two daughters were shopping in the Kroger store on Common Street in Lake Charles, Louisiana; and that as Mrs. Galloway had entered one of the aisles containing canned goods, she fell and suffered minor injuries. Mrs. Galloway and her daughters testified that Mrs. Galloway slipped and fell because of some watery substance in the aisle. They stated it was not water, and they could not smell it, but that it was sticky and slippery. They also testified they saw three puddles on the floor after the accident. Mrs. Gal *761 loway stated that she did not see anything* on the floor prior to falling, and that had she been looking, she could have seen the puddles on the floor.
Mr. Harold Wallace testified he was the store manager for Kroger’s on the date of the accident; that the store was opened every morning at 6:00 A.M. for the cleanup crew who 'swept and scrubbed the floors; that after the store opened periodic inspections were made by Wallace and other employees; that the produce department was swept at hourly intervals; that twice a day the entire food department floors were swept; and that no area of the store would go any longer than fifteen minutes without being inspected.
In Brown v. Kroger, 252 So.2d 336 (La.App. 3 Cir.1971), this court set forth the requisites necessary to impose liability on a storekeeper. These requisites must be established by a preponderance of the evidence, and are:
“In order to impose liability on the store operator, an injured customer must prove by a preponderance of the evidence that a dangerous condition which caused injury to him: (1) was created by the storekeeper himself (or some person for whom he is legally liable) ; or (2) either (a) was actually known to the storekeeper or his employees or (b) had existed for a sufficient length of time for the storekeeper to have constructive knowledge of it, i.e., that its presence should have been discovered through the exercise of reasonable care. In this respect the mere fact that a customer falls while using a store aisle does not by itself create any presumption of fault on the part of the storekeeper.”
The Brown case, supra, follows the holding in Lofton v. Travelers Insurance Company, 208 So.2d 739 (La.App. 3 Cir.1968), and Broussard v. National Food Stores of La., Inc., 258 La. 493, 246 So.2d 838 (1971).
Plaintiffs have failed to meet the requirements imposed by Brown, Lofton and Broussard, supra; therefore, we are of the opinion that the district judge was in error in granting recovery to plaintiffs.
For the reasons assigned, the judgment of the district court is reversed, and judgment is hereby rendered in favor of defendant, Employers Casualty Company, and against plaintiffs, Mrs. Eula Galloway and Sheldon H. Galloway, rejecting their demands and dismissing their suit at their costs.
Reversed.