289 So.2d 192 (1973)
AVONDALE SHIPYARDS, INC.
v.
LAROSE SHIPYARD, INC.
No. 9609.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
John J. Erny, Jr., Larose, for appellant.
Glenn G. Goodier, New Orleans, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
ELLIS, Judge.
This is a suit by plaintiff Avondale Shipyards, Inc. for the balance of $4,424.84 *193 due on a note executed by defendant Larose Shipyard, Inc. Larose filed a general denial, and further answered as follows:
"The above alleged note was given to your defendant, Larose Shipyard, Inc., for steel purchased by defendant from plaintiff. Said steel was warped, pitted, and defective. The use of said steel on construction at defendant's shipyard caused defendant to tear apart and rebuild vessels under construction at its yard, all of which damaged your defendant in excess of Six Thousand and no/100 ($6,000.00) Dollars."
Defendant prayed only that plaintiff's suit be dismissed, although it alleged damages in excess of the main demand.
At the pre-trial conference, the authenticity of the note was stipulated, and the memorandum further provides as follows:
"In short, at the trial the plaintiff will introduce evidence to show what it claims is the unpaid balance of the note. The defendant will introduce evidence concerning the quality of the steel delivered and for which the note was given, and the issues to be decided by the Court are:
"(1) Was the steel for which the note was given warped, pitted, and unsuitable for the purpose for which it was sold;
"(2) If it was, does this constitute a good defense to the refusal to pay whatever balance is due on the note.
* * * * * *
"Mr. Broders agrees to immediately furnish Mr. Erny with copies of the invoices representing the steel delivered (for which the note was given) and Mr. Erny will by April 2, 1973, advise the Court and Mr. Broders if these invoices represent the quantity of steel which he acknowledges having received. In this event, it is stipulated that there will be no necessity for plaintiff either proving the authenticity of the invoices or the fact of delivery."
The record reflects that the invoices were, in fact, furnished to defendant's counsel in accordance with the pre-trial order.
At the trial, the invoices for the steel delivered were placed in evidence and it was stipulated by counsel that they were accurate invoices of the steel actually delivered and for which the note was given.
After plaintiff had put on evidence to prove the balance due on the note, and relative to the good quality of the steel delivered, counsel for defendant suddenly discovered, during a conversation with his client, that none of the allegedly defective steel received by defendant was covered by the invoices. He asked to be allowed to amend his pleadings accordingly. The court refused to permit him to amend, and would not admit evidence relating to steel other than that covered by the invoices. No evidence was offered to show that any of the steel covered by the invoices was defective. The court thereupon rendered judgment for plaintiff as prayed for. From that judgment, defendant has appealed, and plaintiff has answered, asking damages for a frivolous appeal.
Since there is no question of record as to the execution of the promissory note, the delivery of the steel, or the quality of the steel for which the note was given or the balance due on the note, the judgment on the merits of the case is obviously correct. The only question presented is whether or not the trial judge was in error when he refused to permit an amendment to the pleadings by defendant to allege the delivery of defective steel other than that for which the note was given.
As we appreciate defendant's position, it is claiming compensation against the main demand because of damages allegedly suffered by it because of the delivery of defective steel. Compensation may be pled either as a reconventional demand or as an affirmative defense. Code of Civil Procedure, Articles 1005, 1062. However, compensation takes place only by *194 operation of law, and applies only to liquidated debts. Articles 2207-2216, Civil Code; Calvert Fire Insurance Company v. Lewis, 231 La. 859, 93 So.2d 194 (1957). Since defendant's claim is not liquidated, it cannot form the basis for compensation or offset against plaintiff's claim, unless urged by reconventional demand. See Tolbird v. Cooper, 243 La. 306, 143 So.2d 80; 2 Planiol, Trite Elementaire de Droit Civil, §§ 562-597.
Defendant is, therefore, limited to filing a reconventional demand against plaintiff for the damages alleged by it. Under Article 1033 of the Code of Civil Procedure, a reconventional demand may be filed, with leave of court, after answer has been filed, if it will not retard the progress of the principal action.
In this case, defendant was specifically directed by the trial court, in the pre-trial order, to examine the invoices and determine if they covered the steel for which the note was given. Defendant had already alleged the defective condition of some of that steel. It is difficult to understand how he could have failed to discover that the allegedly defective steel was not included in the invoices. In any event, an amendment to permit an entirely new reconventional demand, after plaintiff had almost completely put on his case, could only have resulted in a continuance to permit plaintiff to defend against this new claim.
Article 1551 of the Code of Civil Procedure provides that the pre-trial order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."
Considering the foregoing, we think the trial judge was correct in refusing to permit the amendment. Had he permitted it, the trial would surely have been retarded. Further, since defendant's claim is unrelated to plaintiff's claim, it may still be urged in a separate suit.
We find no merit in plaintiff's request for damages for a frivolous appeal. Such damages are not awarded unless it appears that the appeal was taken solely for the purpose of delay or that counsel does not seriously believe in the position taken by him on the appeal. Neither of these factors is apparent in this case. See Motion Picture Advertising Corporation v. Smith, 207 So.2d 847 (La.App. 1 Cir. 1968).
The judgment appealed from is therefore affirmed, at defendant's cost.
Affirmed.