311 So.2d 494 (1975)
Leroy ORGERON
v.
HOME TOWN SUPERMARKET.
No. 6701.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
*495 John W. Robinson, Gretna, for plaintiff-appellant.
Bienvenu & Culver, Ernest L. O'Bannon, New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN and MORIAL, JJ.
SAMUEL, Judge.
Plaintiff instituted this suit against Home Town Supermarket (later corrected to Hometown Supermarket, Inc.) and that defendant's liability insurer, Hanover Insurance Company, seeking recovery for personal injuries and medical expenses sustained in a slip and fall accident. Defendants answered in the form of a general denial, alternatively pleading contributory negligence. Following trial on the merits judgment was rendered in favor of the defendants, dismissing plaintiff's suit. Plaintiff has appealed.
At approximately 1 p.m., on February 29, 1972, while shopping with his wife, plaintiff slipped and fell in defendant's store as an alleged result of sugar on the floor. The accident occurred when plaintiff's wife, who was on his right pulling the shopping cart which he was pushing from the rear, asked him to reach for a product on a shelf to his left. As he turned to reach for the product he slipped and fell. They concluded he had slipped as a result of sugar on the floor because he fell in the vicinity of the sugar shelf, there was a powdery substance on his pants when he got up, and there was some sugar on the floor. According to all of the pertinent testimony, including that of the plaintiff and his wife, the amount of sugar on the floor was very small and no one was aware of its presence until after the fall. There is no evidence, either direct or circumstantial, showing or indicating how long the sugar had been on the floor, nor is it established that any of the employees knew of its presence until after the accident. Plaintiff contends Hometown was negligent in failing to keep its floors, aisles and passageways in a reasonably safe condition.
Testimony relative to the clean up procedures and floor inspection in the store was given by Raymond Akerman, a stock clerk at the time of the occurrence who had left the store's employ at the time of trial, Nicola Lomonaco, the assistant manager, Fedless Verdin, an "all around" employee, and John McElwee, a part-time stock clerk. They testified the store's daily procedure was to sweep the aisles morning, afternoon and night and to wet mop the store twice a week. All the employees were instructed to mop or sweep at any other time they saw an extraneous object or substance on the floor. No one employee was exclusively responsible for the clean up; each employee took his turn as ordered.
Verdin was responsible for cleaning the store on the day of the accident. He arrived for work at about 11 a.m. and at that time inspected all of the floors. He had wet mopped the night before so he used a dry mop that morning, going up and down each aisle. He had cleaned the entire store once that morning shortly after his arrival and was repeating the procedure, cleaning the second aisle floor, at the time the accident occurred in the third aisle.
On the day of the accident McElwee had reported to work between 12 and 12:30 p.m. and started to stock the shelves, including sugar shelf. He brought the sugar in bales on a dolly, unwrapped the bales, placed the 5 and 10 pound bags on the proper shelves, and cleaned up some spillage on the floor with a dust pan and a mop. He then went to the front of the store to help bag the groceries.
*496 The employees agreed it was not uncommon to find sugar on the floor. On some occasions sugar particles fell when customers took bags of sugar off the shelves, and that was one of the reasons why the floors were swept regularly. There was no set time for inspecting the floors but the employees were told to be on the lookout for extraneous substances and Mr. Lomonaco, the assistant manager, inspected the floors frequently throughout the day when he had occasion to leave the front office and go to the rear of the store.
Our settled jurisprudence is that, while a storekeeper is not the insurer of the safety of his customers, his responsibility includes providing a safe place for them by keeping the floors and passageways in a reasonable safe condition for use in a manner consistent with the purposes of the premises.[1] However, in the usual slip and fall case of the type before us at this time there is no liability on the part of the storekeeper in the absence of a conclusion that the extraneous substance on the floor which caused the fall was there as a result of some action on the part of a store employee, or its presence was actually known to the storekeeper or one of his employees and he or they had neglected to remove it, or the object had been on the floor for a sufficient length of time so that the storekeeper or his employees had constructive notice of its presence and neglected to remove it.[2] Our courts are becoming more aware of the duty of care that an owner or storekeeper owes to his customer in self-service stores.[3]
We agree with the trial judge's conclusion that the record does not support a finding of actionable negligence on the part of the defendant store. The only possible basis for the opposite conclusion would be a finding of constructive notice and there is nothing in the record which would indicate that the sugar had been on the floor for a length of time sufficient to establish constructive notice. Accepting the testimony contained in the record, as did the trial judge (and we note such testimony is completely uncontradicted), the sugar on the floor, at most, could have been there for less than approximately three-quarters of an hour. How much less is purely speculative; it could have been there for only a few minutes.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Gonzales v. Winn-Dixie Louisiana, Inc., 309 So.2d 697, handed down February 13, 1975; Bergeron v. Employers-Commercial Union Companies, La.App., 306 So.2d 367; Vosbein v. National Food Stores of Louisiana, Inc., La.App., 286 So.2d 715; Tripkovich v. Winn-Dixie Louisiana, Inc., La.App., 284 So.2d 80; Lang v. Winn-Dixie Louisiana, Inc., La.App., 230 So.2d 383; Benoit v. J. Weingarten, Inc., La.App., 265 So.2d 839; Fontanille v. Winn-Dixie Louisiana, Inc., La. App., 260 So.2d 71.
[2] Fontanille v. Winn-Dixie Louisiana, Inc., supra, footnote 1; Frederic v. Winn-Dixie Louisiana, Inc., La.App., 227 So.2d 387.
[3] See Lofton v. Travelers Insurance Company, La.App., 208 So.2d 739; Phillips v. Great Atlantic & Pacific Food Stores, La.App., 256 So.2d 652; Kinard v. Kroger Company, La. App., 255 So.2d 826; Lang v. Winn-Dixie Louisiana, Inc., supra, footnote 1.