ELLIS, Judge.
This is a suit for the price of certain equipment sold and delivered by plaintiff George Engine Company, Inc. to defendant Southern Shipbuilding Corporation, and installed on Southern Ship Hull No. 114, known as the M/V Alice St. Phillip. Defendant admitted the delivery, price, and installation of the equipment, but alleged a dispute as to the fitness thereof. In a subsequently filed reconventional demand, defendant alleged that the air starter units on two generators were defective, and asked for damages arising from plaintiff’s alleged breach of contract.
A pre-trial conference was held on April 19,1976, at which time the case was set for trial on its merits on September 28, 1976. The pre-trial order shows that the ordering, delivery, installation and price of the equipment and non-payment of the invoices are established facts.
On September 23, 1976, an amending and supplemental reconventional demand, particularizing various damages allegedly re- *894 suiting from the defective equipment, was received by the Clerk of Court of the 22nd Judicial District. The order permitting the filing was not signed by the judge, however, and a note reading, “Nothing done on following due to Judge Crain’s orders” is attached thereto. On September 27, plaintiff filed an opposition to the filing of the supplemental reconventional demand, but the record does not reveal that the court ruled thereon.
The case went to trial on the merits on September 28, 1976, without any objection being raised by the defendant. After plaintiff’s witness testified that the defects in the equipment had been remedied by plaintiff in April, 1976, plaintiff rested. No witnesses were produced by defendant, and judgment was rendered for plaintiff from the bench. From this judgment, defendant has appealed suspensively. Plaintiff has answered asking damages for a frivolous appeal.
The only assignment of error made in this court is that the trial judge erred in not allowing defendant to file the amended reconventional demand. However, the record reflects that defendant went to trial without objection, offered no evidence to substantiate its defense or its original re-conventional demand, and argued only that plaintiff had failed to prove defendant’s indebtedness, a fact which was admitted in the pre-trial order. No motion for a continuance was made, and the record does not show that the trial judge ever formally refused to permit the amendment. Under those circumstances, we think it is now too late for defendant to complain, and that it has waived whatever right it may have had to file the amendment at such a late date.
Plaintiff has asked damages for a frivolous appeal. Such damages are awarded when it appears that “the appeal was taken solely for the purpose of delay or that the counsel does not seriously believe in the position taken by him on the appeal.” Avondale Shipyards, Inc. v. Larose Shipyard, Inc., 289 So.2d 192 (La.App. 1st Cir. 1973).
In this case, the defendant made no serious effort to defend this case on its merits, to present its reconventional demand or to preserve its rights with respect to the amended reconventional demand. Counsel did not appear for argument in this court. It is difficult to reach any conclusion other than that this appeal was filed for purposes of delay. Plaintiff is therefore entitled to damages.
Since the judgment appealed from awards interest and costs, the only apparent damage suffered by plaintiff is the attorney’s fee charged for defending this appeal, and an award of $500.00 will be made for that item.
The judgment appealed from is therefore affirmed; in addition there will be judgment in favor of plaintiff and against defendant for the additional sum of $500.00, together with legal interest from date hereof until paid. Defendant is to pay all costs.
AMENDED AND AFFIRMED.