HALL, Judge.
Plaintiff, Mrs. Lauretta S. Nelson, slipped and fell while shopping in the Sunset Drugstore in Shreveport on June 17, 1963. The fall was caused by the presence of some liquid hair dye on the floor near a counter on which were displayed boxes containing bottles of the hair dye. After the accident, it was determined that one of the bottles within the box was broken and that hair dye had leaked out of the bottle and box.
Mrs. Nelson sustained bodily injuries in the accident and she and her husband brought this suit for damages against Shreveport Druggists, Inc., owner of the drugstore, and its insurer, United States Fidelity & Guaranty Company. From a judgment in favor of defendants rejecting plaintiffs’ demands, plaintiffs appealed.
In Peters v. Great Atlantic & Pacific Tea Co., 72 So.2d 562 (La.App.2d Cir. 1954) this court enumerated the following principles of law applicable to “slip and fall” cases:
(1) A storekeeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passageways in a reasonably safe condition for use in a manner consistent with the purpose of the premises.
(2) He must exercise the degree of care that would be exercised by an ordinary prudent man under similar circumstances.
(3) His liability arises only when injuries are caused by his negligence, and not as a result of an extraneous object in the store or upon the floor unless the object was dangerous and allowed to remain a source of danger for a longer period of time than that *840 in which it should have been discovered and removed.
(4) The doctrine of res ipsa loquitur is inapplicable to a storekeeper whose obligation toward his customers is the use of ordinary care to keep aisles, passageways, floors and walks in a reasonably safe condition, and no presumption of fault of the storekeeper arises from the mere fact of injury to a customer.
(5) One who asserts an obligation for a breach of duty bears the burden of establishing it by a preponderance of the evidence except where his opponent is the most cognizant of facts necessary to decide the issue.
The elements which a plaintiff must prove in order to support recovery were summarized in Rideau v. National Food Stores of La., Inc., 230 So.2d 665 (La.App.3d Cir. 1970) as follows :
“To maintain a cause of action against the owner of a store for injuries resulting from a fall on the premises, plaintiff must show by a clear preponderance of the evidence that: (1) A dangerous condition existed at the point where the fall occurred, i. e., some foreign substance was present to account for the fall; (2) that the dangerous condition or foreign substance caused the fall; (3) that the storekeeper was negligent in allowing the ■ dangerous condition to exist; and (4) that the storekeeper had actual or constructive knowledge of the dangerous condition. * * * ”
In the case at bar it is clear that a dangerous condition existed at the point where the fall occurred, that is, the presence of the liquid hair dye on the floor. It is equally clear that the substance on the floor caused the fall. The issue here is whether plaintiffs proved that the storekeeper negligently caused the dangerous condition or allowed it to exist, or had actual or constructive knowledge of the dangerous condition.
Plaintiffs’ case must stand or fall on the testimony of Arthur Lee Mourning, who was employed as a porter at the drugstore on the date of the accident. His testimony, taken for use at the trial by deposition on February 11, 1970, more than six years after the accident, is the only evidence in the record that would support a finding of negligence or lack of due care on the part of the defendant storekeeper.
In an effort to discredit the testimony by the porter, defendants brought out that the witness was interviewed by an adjuster for the defendant insurance company on June 26, 1963, nine days after the accident. The interview was recorded and the recording and transcription thereof were filed into evidence. Many statements made by the witness in the recorded interview are directly contrary on material points to his testimony given by deposition six years later.
In his trial deposition, Mourning testified that he was employed at the drugstore as a porter and devoted his time to cleaning the floors and other portions of the premises. On the day of the accident, while buffing the floor in the vicinity of the point where plaintiff fell, he knocked several boxes of liquid hair dye off a display shelf onto the floor. He placed the packages back on the shelf and there was nothing at that time to indicate that the bottles inside the packages had broken and there was no liquid on the floor. After the accident, which occurred about one to one and a half hours later, he was called to clean up the aisle. He found a puddle of liquid on the floor about the size of the brim of a hat and he could see where something had made a mark through the puddle. In one of the boxes of liquid hair dye on the adjacent shelf, the bottle was broken and the contents had leaked out.
In the recorded interview, Mourning stated that when he was called to clean up the floor after the accident, only ten minutes had elapsed since he had previously cleaned the floor in this area. He described the *841 substance on the floor as “just a small spot.” He disclaimed seeing anything to indicate a shoe had come in contact with the substance. He made no mention that he had knocked the boxes off the shelf previously but surmised that “somebody” may have done so.
Because of the many contradictions between Mourning’s testimony and the recorded interview, the trial judge concluded, and we fully agree, that the testimony of this witness cannot be given any probative value. Without this testimony, plaintiffs have simply failed to prove essential elements of their case.
The judgment of the district court is affirmed at appellants’ cost.
Affirmed.