HALL, Judge.
Plaintiff, Mrs. Nellie Maxwell Shea, slipped and fell inside the Bonanza Sirloin Pit Restaurant in Shreveport and as a result of the fall sustained a fracture of her right femural bone. She filed suit against the Bonanza Sirloin Pits # 382, Inc., owner of the restaurant, and its liability insurance carrier, St. Paul Fire & Marine Insurance Company, alleging the fall was caused by some extraneous and unidentified substance present on the floor. Judgment was rendered in favor of plaintiff and against defendants in the amount of $4,429. Defendants appealed.
On the day of the accident, plaintiff and her teenage son went to the restaurant to eat after attending church. After she finished eating, Mrs. Shea left her table and went to the ladies rest room which was located off a hallway situated between the dining room and the kitchen. Upon leaving the rest room plaintiff stepped out into the hallway and then slipped and fell, landing on her right hip. Plaintiff was assisted to her feet by two busboys who were in the immediate vicinity, one of whom saw her fall. Her son and the assistant manager of the restaurant also came to her assistance.
The evidence shows that as a regular practice the vinyl tile floor of the restaurant was cleaned and mopped every night after the close of business and then again each morning at approximately 9:30 or 10:00 before opening for business. Otherwise, the floors were cleaned only as needed, that is, when something was spilled or dropped onto the floor. These procedures were carried out the night before and the morning of the accident, which occurred at approximately 2:00 o’clock in the afternoon. The evidence also shows that the hallway where the rest rooms were located is used by the restaurant employees to transport scraps of food, dirty dishes, utensils, trays and the like from the main dining room to the kitchen by use of a pushcart. It was not uncommon for items to be spilled or dropped from the pushcart but the employees testified that when this happened they would promptly clean up the floor.
The trial judge found that the use of the pushcart in this manner through this area created a hazardous or dangerous condition peculiar to this particular business. The trial court further found, as testified by plaintiff, that there was a greasy substance on the floor which caused the fall. The court held that under the particular circumstances involved here the defendant failed to use reasonable care and to make reasonable inspection of the premises and that this failure had a causal relationship to the accident and resulting injuries.
Appellants specify that the trial judge erred in failing to apply the law as set forth by this court in Nelson v. United States Fidelity & Guaranty Company, 248 *686 So.2d 839 (La.App.2d Cir. 1971) and Kinard v. Kroger Company, 255 So.2d 826 (La.App.2d Cir. 1971). These cases hold that in order to be successful, a plaintiff in a slip and fall case must show by a clear preponderance of the evidence that (1) a dangerous condition existed at the point where the fall occurred, i. e., some foreign substance was present to account for the fall; (2) that the dangerous condition or foreign substance caused the fall; (3) that the storekeeper was negligent in allowing the dangerous condition to exist; and (4) that the storekeeper had actual or constructive knowledge of the dangerous condition. Appellants further specify that the trial judge erred in finding that plaintiff proved by a preponderance of the evidence that there was a foreign substance on the floor at the point where she fell; in finding defendant’s employees were guilty of negligence in allowing the foreign substance to be on the floor; in finding that the defendant had actual or constructive knowledge of the dangerous condition; and in concluding that defendants did not carry on reasonable inspection procedures.
The threshold factual question to be decided is whether plaintiff proved by a preponderance of the evidence there was a foreign or extraneous substance on the floor which created a dangerous condition and caused her fall. Plaintiff testified she looked at the floor after she fell and it “did look slippery”, that she didn’t see any “actual particles of food other than maybe slippery or greasy floor”, and that she could tell where her shoe had slipped and made a mark on the floor. She stated that the entire area of the floor looked slippery and greasy.
Plaintiff further testified that after the accident she observed several marks or stains on the skirt of her dress in the right hip area. The presence of the stains on the dress was verified by others who saw it after the accident and by the dress itself which was offered into evidence and reveals two or three small stains or spots on the skirt.
Plaintiff’s son, who was sixteen or seventeen at the time of the accident, testified that after his mother fell he saw “some kind of substance on the floor” which he could not identify. He said it was “[sjomething like grease or something like water where it could have been just mopped. . . . ” He saw the mark where her foot had gone through the substance.
Both busboys who were on duty and the assistant manager of the restaurant testified they inspected the floor after plaintiff fell and that they could not find anything that would have caused her to fall. Two of the witnesses testified they got down on their hands and knees to inspect the floor. One of the witnesses conceded that there may have been a little skid mark.
Although the evidence presents a close factual question for decision, the trial judge concluded there was a greasy substance on the floor which caused plaintiff’s fall. There is evidence in the record to substantiate the trial judge’s factual conclusion. There is the testimony of plaintiff, her son, the stains on the dress, and the shoe mark on the floor. The trial judge’s findings of fact should not be disturbed on appeal unless manifestly erroneous and unsupported by evidence in the record. We cannot say the finding of the trial judge here was manifestly erroneous and we accept his conclusion that plaintiff’s fall was caused by a greasy substance on the floor of the hallway.
Having reached this initial conclusion, we further conclude from the record that the hazardous condition was created and allowed to exist by defendant’s employees. Any other hypothesis would be unreasonable. It is highly unlikely the condition could have been created by customers of the restaurant as the hallway was used by them only for going to and from the rest rooms. On the other hand, the hallway was used extensively by the restaurant’s employees during the busy Sunday lunch period in carrying scraps of food, trash, dirty dishes and the like in the pushcart from the main dining room to the kitchen. *687 More probably than not the hazardous condition resulted from spillage which was not cleaned up or not properly cleaned up. Since the hazardous condition was created by defendant’s employees, this amounted to fault or negligence rendering defendants liable for the damages sustained by plaintiff as a result thereof.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.