HALL, Judge.
Plaintiff, Mrs. H. A. Harrington, slipped and fell when she stepped on glass from a broken bottle while shopping in defendant’s supermarket. Her arm was severely cut and she and her husband brought suit for damages against The Kroger Company. After trial, the district court held there was no negligence on the part of defendant or its employees in that the fall occurred immediately after breakage of the glass before the store employees had an opportunity to remedy the situation or warn plaintiff of the danger. From judgment in favor of defendant, plaintiffs appealed.
On October 20, 1969 at approximately 5:30 in the afternoon, plaintiff was in the Kroger store doing her grocery shopping. She went to the check-out stand with her basket and then remembered she wanted to get some tea. She left her basket and went to get the tea. As she was returning to the check-out stand she encountered a line of people waiting to go through the express check-out stand. Plaintiff crossed through this group of people and immediately fell on broken glass on the floor, injuring her arm.
The glass on the floor was part of an empty soft drink bottle or bottles. The bottle was more probably than not dropped by a customer but, in any event, the evidence does not indicate that any store employee had anything to do with breaking the bottle.
The evidence establishes that the glass on the floor was there for only a very short time before plaintiff fell. Mrs. Mary Harris, an employee in the office near the express check-out counter, testified she heard the bottle drop, called on the intercom for a porter to clean it up, and saw plaintiff fall — all within a matter of seconds. Billy Ray Casey, working at the check-out counter, was told by a customer that a bottle was broken and he, in turn, immediately told a porter to clean it up. Plaintiff fell within thirty seconds thereafter. An additional factor supporting the finding that the glass was broken only moments before plaintiff fell is that when plaintiff went to get the tea she walked very close to the spot where she later fell, but did not observe any glass on the floor at that time.
The evidence shows the regular cleanup procedures of the store are adequate. The floors are swept first thing in the morning, before and after lunch, again about four o’clock in the afternoon, after the store closes, and otherwise as needed. Employees of the store circulate around the aisles repeatedly, observing any need for cleanup procedures. The store manager *816 had been in the area where the fall occurred within five minutes before the accident happened and did not observe any-broken glass.
The concise written opinion of the district court correctly stated the applicable legal principles and ultimate conclusions of fact, as follows:
“The law of the State of Louisiana is that the mere fact that one is injured in a business establishment does not make the owner of that establishment liable. The business establishment is not the insurer of the safety of visitors. In order to recover, the visitor must prove a breach of the duty of the owner to use reasonable care. It is the opinion of this Court that no negligence has been shown on the part of defendant or its employees and that the fall that injured Mrs. Harrington occurred almost immediately after the breakage of the glass and before the store employees had an opportunity to remedy the situation or to warn Mrs. Harrington of the danger.”
Plaintiffs contend they proved the elements essential to recovery in a slip and fall case as enunciated by the Second Circuit[1] in that they proved (1) a foreign, dangerous substance existed at the point where the fall occurred; (2) the substance caused the fall; and (3) the storekeeper had knowledge of the presence of the substance on the floor. The ingredient lacking in plaintiffs’ proof, however, is knowledge on the part of the storekeeper coupled with an opportunity to remedy the situation or to warn customers of its existence. In this case, the fall occurred almost simultaneously with the creation of the dangerous situation and with defendant’s first knowledge thereof. The store employees had no opportunity to remedy the situation and were, therefore, not at fault.
For the reasons assigned, the judgment of the district court is affirmed, at appellants’ costs.
Affirmed.

. Kinard v. Kroger Company, 255 So.2d 826 (La.App.2d Cir. 1971); Nelson v. United States Fidelity & Guaranty Company, 248 So.2d 839 (La.App.2d Cir. 1971); and Peters v. Great Atlantic & Pacific Tea Company, 72 So.2d 562 (La.App.2d Cir. 1954).